■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY JAKAKAS, Appellant.

The arresting officer had been informed by the victim that she had been raped and robbed by the defendant at knifepoint the night before, that the defendant was asleep in the motel room where he had raped her, and that the knife which was used was either in his car or in his duffel bag. Possessing this information, the officer went to the motel room and found defendant asleep in close proximity to his open duffel bag. The warrantless search of

the bag contemporaneous with defendant's arrest was justified by the officer's reasonable belief that it contained a weapon and the need to protect himself from the possibility that the defendant might gain access to it (*People v Gokey,* 60 NY2d 309; *People v Smith,* 59 NY2d 454). The motion to suppress physical evidence was therefore properly denied. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.