■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH REED, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered December 10, 1984, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence seized from him and statements allegedly made by him to law enforcement authorities.

Judgment affirmed, and matter remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was charged with having slashed the face of the complainant with a knife during an argument which ensued between the two parties when the latter complained about the noises emanating from the defendant's motel room. The evidence adduced at the pretrial hearing established that after responding to a radio call directing them to the scene of an assault and speaking briefly with the victim, his wife and the defendant's roommate, the police were directed to the defendant's room. Upon finding the door to the defendant's room open, the police entered and requested identification of him. The defendant initially told the police that he had been

chasing a mouse. When asked what had happened to the victim, the defendant blurted out that he had cut him. The defendant was immediately advised of his *Miranda* rights and acknowledged his understanding of them. In response to the police query regarding the location of the knife, the defendant went to a desk drawer which he began to open. The police removed a serrated knife from that drawer. The defendant was thereafter handcuffed and transported to the precinct where he was again advised of his *Miranda* rights. After signing a written waiver, the defendant again admitted having slashed the victim across the face and neck.

The defendant's initial incriminatory statement to the police was admissible even though it was made before the issuance of preinterrogation warnings inasmuch as it resulted from a threshold police inquiry during an investigation at the scene of a crime. The question posed by the police was designed to clarify the nature of the situation confronted rather than to coerce a statement *(see, People v Huffman,* 41 NY2d 29, 34). Nor would a reasonable person innocent of any crime have deemed himself to be in custody merely because the police asked him what had happened *(see, Matter of Kwok T.,* 43 NY2d 213, 219-220; *People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851).

The seizure of the knife, which was within the "grabbable area" of the defendant at the scene of the crime, was justified by the officers' need to protect themselves from the possibility that the defendant might gain access to it *(see, People v Gokey,* 60 NY2d 309, 311; *People v Jakakas,* 110 AD2d 660, 661). Moreover, the knife was seized after the defendant voluntarily revealed its whereabouts after having been advised of his *Miranda* rights.

The defendant's statement, made while in custody at the precinct, was voluntarily rendered after he again had been advised of his *Miranda* rights. Even had the defendant's prior statement been inadmissible, this would not necessarily bar admission of a statement made after the required warnings were administered *(see, People v Witherspoon,* 66 NY2d 973, 975).

We have considered the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Brown and Weinstein, JJ., concur.