■ The People of the State of New York, Respondent, v Wayne Pileggi, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lamont, J.), rendered January 4, 1985, convicting him of forgery in the second degree (five counts), petit larceny, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after being seen pushing a shopping cart in the company of a woman shopping with a stolen credit card. He transported the merchandise to a pickup truck parked outside a department store.

The State Trooper's pre-*Miranda* inquiry respecting the defendant's name was a permissible threshold crime scene inquiry *(see, People v Huffman,* 41 NY2d 29, 32; *People v Reed,* 123 AD2d 333, 334). A reasonable person in the defendant's position innocent of any crime would not have deemed himself in custody merely because a police officer inquired as to his name *(see, People v Yukl,* 25 NY2d 585, 589, *mot to amend remittitur denied* 26 NY2d 845, 883, *cert denied* 400 US 851). The police officer's question clearly was intended to clarify the nature of the situation rather than to coerce a statement *(see, People v Huffman, supra).*

Although generally, evidence of prior uncharged crimes is inadmissible if offered for no other reason than to raise an inference that the defendant is of a criminal disposition, it may be admitted for a relevant purpose *(see, People v Vails,* 43

NY2d 364, 366). Testimony regarding the defendant's prior uncharged criminal conduct earlier on the day of the incident and on the previous day, wherein he accompanied the same woman, using the same stolen credit card on a shopping expedition in another branch of the department store, was admissible as proof of a common plan or scheme. Since the defendant's acts immediately prior to his arrest could be considered equivocal unless accompanied by criminal intent, the evidence of the prior uncharged crimes was admissible in this case to establish the defendant's intent and knowledge that the property was stolen (see, People v Alvino, 71 NY2d 233, 242-243; People v Vails, supra, at 366).

Viewing the evidence in the light most favorable to the People, any rational trier of fact could have found the elements of the crimes charged beyond a reasonable doubt (see, People v Contes, 60 NY2d 620, 621). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.