■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

James F. Willsey, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 21, 1984, upon a verdict convicting defendant of the crime of murder in the second degree.

Shortly after the shotgun slaying of Thomas Kidder in Rensselaer County during the early morning hours of July 21, 1984, defendant was taken into custody as a suspect in that crime. While in custody later that day, defendant confessed to the 1983 murder of Joseph Zappola in Albany County. Defendant was convicted of murder in the second degree for the Zappola homicide and was sentenced to 25 years to life. He now appeals.

Defendant first claims that his conviction should be reversed because the police did not have probable cause to arrest him without a warrant in the Kidder crime. A police officer can arrest a person for a crime without a warrant where there is "reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise" (CPL 140.10 [1] [b]). Reasonable cause in this context means the same as probable cause *(People v Johnson,* 66 NY2d 398, 402, n 2; *People v Crayon,* 139 AD2d 840, 841), which does not require proof beyond a reasonable doubt, but only information which makes it reasonably appear more probable than not that a crime occurred and the defendant is its perpetrator *(People v Mercado,* 68 NY2d 874, 877, *cert denied* 479 US 1095; *People v Carrasquillo,* 54 NY2d 248, 254).

In this case, the record establishes that prior to defendant's arrest, the police knew about the Kidder shooting. The police also were aware that a dark green Ford Maverick automobile, with license plates registered to defendant, was seen driving around Kidder's body and then leaving the scene. When found by the police at defendant's residence, the car hood was warm, indicating recent use. The police also knew that defendant was romantically involved with Kidder's wife, who told them that defendant had threatened Kidder. Kidder's wife also told the police that defendant "must have done it" and would have a long gun in his residence. The police also were aware that Zappola, who had been married to Kidder's wife, was missing for about a year, that defendant had threatened Zappola over the woman, that defendant's car had blood on it shortly after Zappola's disappearance and that defendant had a long criminal history, including a homicide conviction. We conclude that these facts made it reasonably appear to the police that it was more probable than not that a crime was committed by

defendant. Thus, there was probable cause for defendant's arrest.*

Defendant next argues that even if his warrantless arrest was supported by probable cause, it was improper because the police entered his apartment without consent or any exigent circumstances. The record reveals that the police knew a violent murder had just occurred. They had information indicating that defendant committed the crime and was armed. Defendant's car was parked behind his apartment building and was warm, thereby indicating his presence in the apartment and probable recent return. It was dark and there were other occupants of the building where defendant lived who could have been endangered had the police waited to secure a warrant. Under these circumstances, we conclude that there were sufficient exigent circumstances for the warrantless arrest of defendant in his apartment (see, People v Mealer, 57 NY2d 214, 219, cert denied 460 US 1024; People v Thomas, 129 AD2d 910, 912, lv denied 70 NY2d 657).

Defendant next contends that County Court erred by failing to suppress his inculpatory statements because they resulted from defendant's allegedly illegal arrest. As previously discussed, we find no illegality in defendant's arrest. Thus, the inculpatory statements were not suppressible as the product of an illegal arrest. Similarly, we reject defendant's claim that absent his confession, the proof was insufficient to support the guilty verdict. As noted, defendant's confession was properly before the jury and it, together with the other evidence presented, clearly established defendant's guilt beyond a reasonable doubt.

Finally, we find no merit to defendant's claim that his sentence was unnecessarily harsh and excessive. The sentence was within the statutory guidelines. The crime was violent and planned. Defendant has a lengthy criminal record, which includes a conviction for criminally negligent homicide while serving in the military in Alaska in 1957, and did not appear to be remorseful about this incident. Under these circumstances, we find no basis upon which to disturb County Court's discretion in sentencing.

Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.

---

* Defendant does not challenge any of the police's information as hearsay not satisfying the basis of knowledge or reliability tests and, thus, we are concerned only with the sufficiency of the evidence to establish probable cause.