■ The People of the State of New York, Respondent, v Dion Lynch, Appellant.—Casey, J. Appeal from a judgment of the County Court of Sullivan County (Leaman, J.), rendered June 25, 1990, convicting defendant upon his plea of guilty of

the crimes of robbery in the second degree, criminal possession of stolen property in the fifth degree, escape in the first degree and promoting prison contraband in the first degree.

Investigation at the scene of a robbery led to the discovery of a fresh set of boot prints in the snow heading away from the crime scene. Using a canine tracker, the police followed the boot prints until they met up with a set of sneaker prints. Both sets of prints led to a motel, where two individuals, who matched the sketchy description given by the victim and an eyewitness, were spotted.

According to the testimony of the police at the suppression hearing, the individuals spotted at the motel were asked to "hold on a minute" for some questions and they agreed to go to the police station, where they were advised that they were not under arrest. Defendant was separated from his companion and was immediately advised of his *Miranda* rights, which he acknowledged and waived. After some questioning, defendant gave a written statement which was generally exculpatory and, according to the police, was inconsistent with the statement given by defendant's companion.

An identification procedure was conducted which did not result in a positive identification. Defendant was then asked to provide his sneakers for inspection and he complied. The sneakers and the boots provided by defendant's companion were taken for comparison with the prints leading from the crime scene and were found to match identically. Defendant thereafter informed the police that he wanted to be charged or he would leave. Upon learning that he was being arrested and charged with robbery, defendant asked to speak with his companion, and after he was allowed to do so defendant confessed to the robbery. A written statement was then taken after defendant was again advised of his *Miranda* rights.

Defendant contends that he was in custody throughout the encounter with the police and that because the police lacked probable cause to take him into custody, his statements must be suppressed as the product of an unlawful arrest and detention (*see, People v Travis*, 162 AD2d 807). County Court, however, found that defendant was not in custody until he was told that he was being arrested, and that the police had probable cause to arrest him at that time; the statements were found to be voluntary and, therefore, admissible. Our review of the record reveals no basis for disturbing the court's factual findings, which were based in part upon determinations of credibility.

On the issue of police custody, defendant's subjective beliefs are not relevant; the determinative test is whether a reasonable person, innocent of any crime, would have felt free to leave *(People v Harris,* 48 NY2d 208, 215; *People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). Considering the relevant factors *(see, People v Bailey,* 140 AD2d 356, 358), we conclude that there is ample evidence in the record to find that defendant was not in custody before he was formally arrested *(see, People v Lance,* 103 AD2d 893).

On the issue of probable cause, it must appear more probable than not that a crime has taken place and that the one arrested is its perpetrator *(People v Carrasquillo,* 54 NY2d 248, 254). The evidence need not be sufficient to support a conviction or even to establish a prima facie case *(People v Horsman,* 152 AD2d 859, 860). Assessment of probable cause turns on what was reasonably and objectively in the mind of the law enforcement authorities *(People v Jennings,* 54 NY2d 518, 523), with due consideration given to the expertise of those authorities *(see, People v McRay,* 51 NY2d 594, 601-602). Applying these principles to the facts of this case, and considering all of the information available to the police at the time of defendant's arrest, we conclude that County Court correctly found probable cause to support the arrest.

The claimed illegality of defendant's detention preceding his inculpatory statements is the only basis for defendant's appeal. Having rejected that claim, we affirm the judgment of conviction.

Mahoney, P. J., Levine, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.