■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY CRANDALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered December 15, 1988, convicting him of attempted murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to two concurrent indeterminate terms of 12-½ to 25 years imprisonment for attempted murder and robbery, and an indeterminate term of 7-½ to 15 years imprisonment for criminal possession of a weapon, to run consecutively to the term of imprisonment imposed upon the defendant's conviction of attempted murder in the second degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence seized from the defendant.

Ordered that the judgment is modified, on the law, by providing that the sentence imposed upon the conviction of criminal possession of a weapon in the second degree shall run concurrently to the sentence imposed upon the conviction of attempted murder in the second degree; as so modified, the judgment is affirmed.

The defendant contends that the police lacked justification for conducting a warrantless search of a couch in his apartment, and that, therefore, the Supreme Court erred in admitting into evidence the gun that was found within his arm's reach underneath the couch. The hearing transcripts indicate that the police were informed that after the defendant shot someone in the street, he ran into his apartment. When the police were outside the apartment door, they heard a gunshot go off inside the apartment, which they then entered forcibly.

We find that the seizure of the gun from underneath the couch was within the "grabbable area" of the defendant and was justified by the officers' need to protect themselves against the possibility that the defendant might gain access to it *(see, People v Gokey,* 60 NY2d 309, 311; *People v Smith,* 59 NY2d 454; *People v Jakakas,* 110 AD2d 660).

However, since the defendant's possession of the loaded handgun and the shooting of the victim were, under the facts of his case, both part of the same transaction, we agree that the sentence imposed for the conviction of criminal possession of a weapon in the second degree should run concurrently with the sentence imposed for the conviction of attempted murder in the second degree, and the defendant's sentence is modified accordingly *(see,* Penal Law § 70.25 [2]; *see also, People v Jenkins,* 176 AD2d 348; *People v Terry,* 104 AD2d 572). Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.