■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID K. GRIMES, Appellant. [594 NYS2d 392] —Mercure, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered September 13, 1991, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree (two counts), robbery in the first degree, attempted robbery in the first degree and assault in the second degree (two counts).

Defendant was convicted upon his guilty plea to the entire indictment charging a number of counts in connection with separate burglaries in the City of Ithaca, Tompkins County, on November 10, 1990 and January 5, 1991. Prior to the plea, defendant requested suppression of his statement on the ground that it was obtained in violation of his constitutional rights. County Court found that defendant's statement was admissible. Following the plea, County Court determined that defendant was a persistent felony offender and imposed consecutive prison terms of 25 years to life. Defendant appeals.

Initially, defendant argues that the police did not have probable cause to effect an arrest and, thus, his subsequent statement should have been suppressed. Defendant has failed to preserve this claim for review, however, by not specifically raising it below *(see, People v Prescott,* 66 NY2d 216, 219, n 1, *cert denied* 475 US 1150; *cf., People v Fenner,* 61 NY2d 971,

973). In any event, the record establishes that probable cause for defendant's arrest existed. Jackie Palmer, defendant's girlfriend, told State Police Investigator David Gould that defendant possessed a pistol and a rifle. Palmer's mother confirmed the fact that defendant left a pistol at her home and, with Palmer's assistance, police investigators recovered the weapon. The basis of knowledge for the information provided by Palmer and her mother "was self-evident" (People v Rowles, 176 AD2d 1074, 1075, lv denied 79 NY2d 831) and, coupled with the acquisition of the pistol and Gould's professed knowledge that defendant was not allowed to possess a firearm, it provided the police with probable cause for defendant's arrest (see, Penal Law § 265.01 [1], [4]; § 265.02 [1]; People v Hardy, 187 AD2d 810, 812; see generally, People v Lynch, 178 AD2d 779, 781, lv denied 79 NY2d 949).

Defendant's remaining claims are without merit. Although defendant testified at the suppression hearing that he requested an attorney, any conflict in the testimony merely presented a credibility question for the suppression court (see, People v Polito, 169 AD2d 990, 991, lv denied 77 NY2d 999) and its determination will only be rejected by this Court if unsupported as a matter of law (see, People v Jackson, 101 AD2d 955, 955-956). Nor does defendant cite to any authority imposing an obligation on the police to prepare video or audio tapes of their questioning of a suspect, and we are aware of none. Finally, County Court did not abuse its discretion in denying defendant's request for expert psychiatric and psychologic assistance on suppression issues (cf., People v Vale, 133 AD2d 297, 299-300; see generally, Ake v Oklahoma, 470 US 68).

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.