■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA EDNEY, Appellant. [607 NYS2d 380] —Appeal by the defendant from a judgment of the County Court, Nassau

County (Wexner, J.), rendered May 30, 1991, convicting her of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On the evening of May 22, 1990, two police officers saw the defendant in a van near a street corner in Hempstead, Long Island. The officers knew that there were two outstanding warrants for the defendant's arrest, yet they did not arrest her immediately because they wanted to verify information that she often traveled into Manhattan in order to purchase narcotics. Accordingly, they followed the van into Manhattan. Once there, the police observed the defendant twice exit the van, enter buildings, and return approximately 15 minutes later. The police followed the van back to Hempstead. There, they entered the van and arrested the defendant, who they found seated with a brown paper bag containing approximately 100 empty vials and caps at her feet. As the defendant was escorted to police headquarters, she was observed abandoning a quantity of crack cocaine.

On appeal, the defendant contends that the hearing court erred when it failed to suppress the vials confiscated from her because the delayed manner in which the police executed the warrants violated her constitutional rights, and because the warrantless search of the bag found at her feet was unreasonable. In addition, the defendant claims that her conviction cannot stand since the prosecution, in violation of *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), failed to disclose the police reports. We disagree.

That the police followed the defendant from Nassau County to Manhattan and back before arresting her pursuant to the valid warrants violated neither the New York State nor the Federal Constitution, since the defendant had no reasonable expectation of privacy with respect to conduct which was "readily open to public view" *(People v Reynolds,* 71 NY2d 552, 557; *see, also, United States v Chadwick,* 433 US 1, 7; *People v Rodriguez,* 69 NY2d 159; *People v Mercado,* 68 NY2d 874, *cert denied* 479 US 1095).

In addition, we find that the seizure of the paper bag from the defendant's "grabbable area" was justified by the officers'

need to protect themselves against the possibility that the defendant might gain access to a weapon hidden inside *(see, People v Gokey,* 60 NY2d 309, 311; *People v Smith,* 59 NY2d 454; *People v Johnson,* 59 NY2d 1014; *People v Crandall,* 181 AD2d 687).

At the trial, the court refused to compel the People to turn over the police reports relating to the driver of the van in which the defendant was a passenger, who was arrested on unrelated charges. However, the section of the contested police reports that was relevant to the subject matter of the witnesses testimony was the "duplicative equivalent" of information previously provided to the defendant by the People *(see, People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914; *see also, People v Young,* 79 NY2d 365; *People v Cortez,* 184 AD2d 571; *People v Gaskins,* 171 AD2d 272; *People v Deas,* 174 AD2d 751).

We have examined the defendant's remaining contentions and find that they are without merit. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.