■ In the Matter of SEAN F., a Person Alleged to be a Juvenile Delinquent, Appellant. [622 NYS2d 968] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Schindler, J.), dated December 3, 1992, which, upon a fact-finding order of the same court, entered October 29, 1992, made after a hearing, finding that the appellant had committed acts which, if committed by an

adult, would have constituted the crimes of criminal possession of stolen property in the fifth degree and petit larceny, adjudged him to be a juvenile delinquent and placed him on probation for a period of twelve months. The appeal brings up for review the fact-finding order entered October 29, 1992, and the denial after a hearing of the appellant's motion to suppress certain physical evidence and identification testimony.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the petitioner *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the finding was not against the weight of the evidence *(cf.,* CPL 470.15 [5]).

The appellant's contention that he was illegally arrested, and that the evidence recovered from that arrest was improperly produced at the fact-finding hearing, is meritless. The police had probable cause to arrest the appellant after he was observed in close proximity to the scene of the crime and to the time of its commission and his appearance matched a sufficiently detailed description of the perpetrator *(see, People v Blount,* 143 AD2d 924). Furthermore, the description broadcast by the sending officer provided probable cause for the arrest as it satisfied the *Aguilar-Spinelli* test. At the suppression hearing, the complaining witness, an identified citizen informant and thus presumably reliable, testified as to the basis of her belief that the person she described had committed a crime *(see, People v Parris,* 83 NY2d 342). In addition, the appellant's book bag was the subject of a proper search as the search was contemporaneous with his arrest, the book bag was within his immediate control, and there was reason to believe that the appellant could gain possession of a weapon or destroy or conceal evidence located therein *(see, People v Gokey,* 60 NY2d 309; *People v Smith,* 59 NY2d 454; *People v Evans,* 43 NY2d 160; *People v Edney,* 201 AD2d 498).

The appellant's contention that the identification procedure was unduly suggestive, and thus the identification testimony should have been suppressed, is without merit. Although the appellant contends that he was identified, along with the other suspects, while standing with his legs spread, his hands resting against a car, and his book bag with the stolen property at his feet, these facts were insufficient to make the identification unduly suggestive when the identification oc-

curred in close temporal and spatial proximity to the commission of the crime (see, People v Sturgis, 199 AD2d 549; People v Grassia, 195 AD2d 607; People v Hawkins, 188 AD2d 616; People v Tarrat, 161 AD2d 613). O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur.