■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SOWERS, Appellant. [687 NYS2d 745] —Mikoll, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 30, 1997, upon a verdict convicting defendant of two counts of the crime of robbery in the second degree.

At approximately 11:30 P.M. on February 16, 1996, Wilder Pickard was asleep in his truck in a parking lot adjacent to an apartment building in the City of Albany. He awoke to the sound of glass breaking over his head, and found two men, one at each door of his vehicle. One of the men hit him in the head with a heavy metal object and demanded his money. He was dragged from his vehicle where the two men beat him further and continued to demand his money. When Pickard finally surrendered his wallet, the two assailants fled over a fence in the direction of the Hudson River. Albany Police Officers, responding to a call from one of the apartment's residents, tracked the suspects to the snow-covered river banks and eventually located defendant, who was "very wet and cold". He was taken first to the hospital where Pickard was being treated, and

positively identified as one of the assailants. At the police station, defendant received his *Miranda* warnings and was given dry clothing. After waiving his rights, defendant admitted his participation in the robbery and signed a written statement. His pretrial motion to suppress the statement was denied, and it was introduced against him at trial. Convicted as charged of two counts of robbery in the second degree, defendant now appeals, claiming that County Court erred in instructing the jury on the requisite burden of proof and in its charge on the voluntariness of his confession.

We are not persuaded. Defendant complains that on two occasions, County Court used the terms "guilt or innocence of this defendant" when referring to the issue to be resolved by the jury. As defendant correctly observes, the language "guilt or innocence" is improper and should not have been used (*People v Fields*, 87 NY2d 821, 823). However, an isolated phrase will not render infirm a charge which, when read as a whole, fully and accurately instructs the jury on the correct standard of proof and the concept of reasonable doubt (*see, id.*; *see also, People v Andujas*, 79 NY2d 113, 118). Here, the offending language first appeared when the court instructed the jury that "the only issue you have for your determination is whether the People have proved defendant's guilt beyond a reasonable doubt. No other issue, no other institution, no other person is on trial here. The ultimate question for your resolution is the guilt or innocence of this defendant, no one else." On the second occasion the court exhorted the jury to disregard any consideration of possible punishment "in passing upon the question of guilt or innocence". In these contexts, and particularly in light of the fact that the court used the term "beyond a reasonable doubt" nearly 30 times elsewhere throughout its charge, we are satisfied that when viewed in its entirety, the charge adequately conveyed the requisite standard of proof to the jury.

Nor did County Court err in its instructions on the voluntariness of defendant's statement to the Albany Police.* Defendant contended that his statement was involuntarily made in that his extreme physical condition precluded a knowing and voluntary waiver of his Constitutional rights. A statement is

---

* Parenthetically, we reject the People's suggestion that defendant waived any objection upon this point because he was given a copy of the proposed charge before it was read to the jury and did not object. He registered his objection after the charge was read but before the jury was released to deliberate, affording County Court an opportunity to correct its instructions (*see, People v Patterson*, 39 NY2d 288, 294).

"involuntarily made" by a defendant when it is obtained from him, *inter alia,* by means of any "improper conduct or undue pressure which impaired the defendant's physical or mental condition to the extent of undermining his ability to make a choice whether or not to make a statement" (CPL 60.45 [2] [a]). In its charge, the court recounted the arguments of defendant and the People relating to the question of voluntariness. Defendant claims to be aggrieved by that portion of the charge wherein the court stated that defendant's "physical condition described as cold and wet was created not by the police but rather by the defendant's own conduct in attempting to escape apprehension by the police". When this portion is read in context with the immediately preceding language, it is clear that the court, having just summarized the defense points on the question, was restating the People's factual contentions militating against a finding that improper conduct on the part of the police caused the impairment of defendant's physical condition which he claimed precluded a voluntary waiver. The court further stated that the jury was required to resolve these "disputed issues of fact" bearing upon the issue of voluntariness.

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.