■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK S. SURICO, Appellant. [697 NYS2d 356] —Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered December 22, 1997, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

Defendant pleaded guilty to the crime of grand larceny in the third degree in full satisfaction of a two-count indictment and was sentenced, as a second felony offender, to an indeterminate term of 2½ to 5 years in prison. Defendant appeals arguing that he was entitled to suppression of certain physical evidence as well as inculpatory statements, which evidence he contends was the fruit of his allegedly unlawful arrest.

There should be an affirmance. It is well settled that a police officer may arrest a person for a crime without first obtaining a warrant where there is "reasonable cause to believe that such person has committed such crime, whether in [the officer's] presence or otherwise" (CPL 140.10 [1] [b]; *see, People v Bigelow*, 66 NY2d 417, 423; *see also, People v Maldonado*, 86 NY2d 631, 635; *People v Willsey*, 144 AD2d 106, 107, *lv denied* 73 NY2d 985). We have recognized that "[r]easonable cause in this context means the same as probable cause" (*People v Willsey, supra*, at 107; *see, People v Johnson*, 66 NY2d 398, 402, n 2).

The pertinent evidence adduced at the suppression hearing revealed that on December 23, 1996, at approximately 1:30 P.M., an off-duty Deputy Sheriff was sitting in his vehicle facing the Fleet Bank building in the Town of Ulster, Ulster County, while waiting for his friend to complete a transaction therein. At that time the Deputy noticed defendant, wearing a green ski jacket and mirrored sun glasses, approach and enter the bank. He testified that his attention was drawn to defendant because the day was cloudy and unseasonably warm which, in his opinion, made both the sunglasses and the coat unnecessary. Approximately one minute thereafter, the Deputy observed defendant emerge from the bank and begin to walk briskly while glancing around and appearing to be nervous. Defendant then turned down an alley separating the bank from another building. At that point in time, the Deputy's friend emerged from the bank yelling that it had just been robbed, at which point the Deputy ran after defendant and apprehended him. A pat-down search resulted in the seizure of a pellet gun which defendant had concealed in his waistband, and thereafter defendant made several incriminating statements, which he subsequently unsuccessfully moved to suppress.

Considering all of the facts and circumstances together, the Deputy's observation of defendant entering and emerging from the scene of the crime at the time of its commission, combined with his unusual appearance and furtive conduct, fully justified his conclusion that, more probably than not, defendant had perpetrated a crime and thus probable cause existed to arrest him (*see, People v Bigelow, supra*, at 423; *People v Horsman*, 152 AD2d 859, 860-861; *see also, People v Jiminez*, 200 AD2d 889, 890, *lv denied* 83 NY2d 912; *People v Willsey, supra*; *People v Blount*, 143 AD2d 924, *lv denied* 73 NY2d 919). Inasmuch as defendant's arrest was predicated upon probable cause, County Court's denial of his motion to suppress evidence on this basis was proper.

Cardona, P. J., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.