■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIMITRI SCHISCHIPTOROFF, Appellant. [699 NYS2d 188] —Yesawich Jr., J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered May 22, 1998, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

After his motion to suppress oral statements as well as physical evidence was denied, defendant pleaded guilty to burglary in the first degree in full satisfaction of an eight-count indictment. Subsequently sentenced to a determinate term of imprisonment of eight years, defendant appeals; he challenges the propriety of County Court's ruling.

The suppression hearing testimony established that on the morning of February 1, 1997, the State Police responded to a 911 call reporting a burglary and the exchange of gunfire at a home on Hasbrouck Road in the Town of Gardiner, Ulster County. The homeowners/victims provided the State Police with a description of the three assailants, including one individual whom they described as Hispanic-looking with a heavy build and wearing blue jeans and a sweatshirt. This description, transmitted over police radio, was heard by Brad Turck, a Deputy with the Ulster County Sheriff's Department's K9 unit, who was assisting the investigation. While proceeding in a marked Sheriff's car along Hasbrouck Road, a rural and sparsely populated wooded area, Turck saw a stocky man who "appeared Puerto Rican", wearing jeans and a hooded sweatshirt, "pop out of the woods" and immediately pull up the hood of his sweatshirt; later testimony disclosed that this occurred less than one mile from the site of the burglary and shooting.

As defendant fit the description of one of the suspects still being sought in the area, and concerned that they might be armed, Turck, after radioing for backup, approached defendant from a safe distance and asked what defendant was doing in the area. Defendant explained that he and his girlfriend were on their way to Kingston when they had an argument and "he

got kicked out of the car", and that since then he had been wandering around the area lost. Not knowing whether another of the fleeing suspects might be in the woods and fearing the possibility that he might be ambushed, Turck patted defendant down and placed him in handcuffs. Next, State Police Investigator Daniel Bien, responding to Turck's call, arrived at the scene and received the same story from defendant. Like Turck, Bien testified that defendant matched the radio description. Thereafter, defendant was taken into custody, transported to the State Police barracks and, after receiving his *Miranda* rights, ultimately confessed.

We are persuaded that the objective credible facts with which Turck was presented and the rational inferences flowing therefrom (*see, People v Buchta,* 182 AD2d 853, *lv denied* 80 NY2d 829; *see also, People v Hollman,* 79 NY2d 181) supported a reasonable suspicion that defendant was one of the intruders and that he might be armed and dangerous, thus justifying his detention and frisking. Moreover, given defendant's implausible explanation as to why he was in the area—when pressed he would not supply the girlfriend's name, the type of car she was driving or why they were ostensibly en route to visit a friend whose name he would not divulge on a road one would not ordinarily take traveling from New York to reach Kingston—and that defendant had a visible injury on the top of his head, we conclude that defendant's arrest was fully supported by probable cause (*see, People v Bigelow,* 66 NY2d 417, 423; *People v Surico,* 265 AD2d 596). As for defendant's trenchant attack on the credibility of the People's witnesses, it suffices to note that credibility is a matter left to the sound discretion of the hearing court which, as here, is not to be disclaimed unless unsupported as a matter of law (*see, People v Grimes,* 191 AD2d 745, 746, *lv denied* 81 NY2d 1073). We have considered defendant's remaining arguments and find them to be without merit.

Mikoll, J. P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.