■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGHIE WALKER, Appellant. [701 NYS2d 166] —Mikoll, J. P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 24, 1997, upon a verdict convicting defendant of two counts of the crime of robbery in the second degree.

This appeal stems from defendant's conviction, after a jury

trial, of two counts of robbery in the second degree based on his participation with codefendant Kevin Sowers (*see, People v Sowers*, 259 AD2d 841) in an attack on Wilder Pickard as he slept in his truck in a parking lot adjacent to the Hudson River in the City of Albany.

At approximately 11:35 P.M. on February 16, 1996, Albany Police officers responding to a call from an eyewitness arrived at the scene in time to see two suspects fleeing over a fence in the direction of the Hudson River. With the assistance of his tracking dog, K-9 Officer Anthony Salerno found defendant hiding behind brush alongside the river. Salerno brought defendant up from the river bank, where he was questioned briefly by Detective Charles Krikorian. A short time later, Sowers was also apprehended and the two men were taken to the hospital where Pickard was receiving treatment for his injuries. After Pickard positively identified defendant as one of the assailants, defendant was placed under arrest and taken to police headquarters, where Krikorian advised him of his *Miranda* rights. Defendant agreed to discuss the incident with Krikorian but declined to give a written statement. After his interview with Krikorian was concluded, he had a further conversation with Police Officer Joseph Carnevali during the booking process. In both of these conversations, defendant admitted to participation in the crimes.

Following indictment, defendant moved to suppress evidence of all oral statements made to Krikorian and Carnevali on the ground that they were the product of unlawful custodial interrogation. A *Huntley* hearing was conducted and the ensuing denial of his motion forms the principal basis of defendant's appeal. For the reasons which follow, we find that County Court properly denied defendant's suppression motion and affirm the judgment of conviction.

Krikorian testified at the *Huntley* hearing that when defendant was brought up from the riverbank, he appeared to match the description of one of the assailants, i.e., a black male in a Carhart jacket. Krikorian thereupon asked defendant his name, what he was doing at that location, how he had gotten there, the name of the person he had been with and the direction in which this second person had fled. After defendant answered these questions, Krikorian asked him nothing further at the scene.

Citing Krikorian's acknowledgment that he did not advise defendant of his *Miranda* rights prior to asking defendant the foregoing questions and that defendant was not free to leave during this period, defendant maintains that his responses

should have been suppressed as the product of an unlawful custodial interrogation. We do not agree. A police officer having a reasonable suspicion that a person has committed a crime may stop and detain such person for the purpose of ascertaining his identity and an explanation of his conduct (*see,* CPL 140.50 [1]). These questions need not be preceded by *Miranda* warnings (*see, People v Burnett,* 228 AD2d 788; *People v Pileggi,* 141 AD2d 866). The same is true with respect to threshold crime scene inquiries designed not to elicit inculpatory responses but to clarify the situation with which the investigating officers are presented (*see, People v Huffman,* 41 NY2d 29).

Krikorian's initial detention and questioning of defendant at the riverbank was investigatory in nature and purposefully limited in scope and duration. Although "seized" within the meaning of the 4th Amendment during this initial period of questioning, defendant was at that time neither under formal arrest nor in custody so as to trigger the need to administer *Miranda* warnings (*see, People v Bennett,* 70 NY2d 891, 893-894; *People v Buchta,* 182 AD2d 853, *lv denied* 80 NY2d 829). Our determination that this initial questioning was proper disposes of defendant's argument for suppression of his subsequent oral statements to Krikorian and Carnevali at police headquarters, predicated exclusively upon the ground that they were tainted by the asserted illegality of the riverbank questioning. We would note, however, that were we to reach the question, we would find no basis on which to consider defendant's second and third statements made "on constraint of the first unwarned custodial statement" (*People v Bethea,* 67 NY2d 364, 367) or as part of "in reality, a single continuous chain of events" (*People v Chapple,* 38 NY2d 112, 114). Notably, defendant's riverbank statements to Krikorian responded only to the specific questions posed and, unlike his subsequent post-*Miranda* statements, did not extend to admitting participation in the crime.

Defendant was sentenced as a second felony offender to a 15-year determinate term of imprisonment, the harshest sentence available for the crimes of which he was convicted. Defendant asserts that this sentence was harsh and excessive since his criminal history is not "egregious" and his participation in the instant offense was limited to assisting his accomplice and did not extend to striking the victim. Imposition of sentence rests within the sound discretion of the trial court and will be disturbed on appeal only where there is a clear abuse of discretion or extraordinary circumstances warranting modification in the interest of justice (*see, People v Leigh [JA],* 232 AD2d 904,

905, *lvs denied* 89 NY2d 1036, 1037; *People v Tinning*, 142 AD2d 402, 408-409, *lv denied* 73 NY2d 1022). Nothing in either the transcript of defendant's sentencing proceeding or his arguments on this appeal persuade us that such modification is warranted.

Mercure, Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is affirmed.