■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILBERT TUNSTALL, Appellant. [717 NYS2d 685] —Rose, J. Appeal from a judgment of the County Court of Sullivan County (Ledina, J.), rendered November 4, 1998, upon a verdict convicting defendant of the crimes of burglary in second degree and criminal mischief in the third degree.

After responding to a burglar alarm at a home located in a rural area of the Town of Mamakating, Sullivan County, State Police Investigators discovered a trail of trampled grass leading through the field behind the house to a tract of woods. As the Investigators drove to the other side of the woods, they encountered defendant on foot at the side of the road. Based on what they observed at the house, defendant's appearance and his implausible explanation of his presence at the edge of the woods, the Investigators arrested him. Defendant was subsequently indicted for burglary in the second degree and criminal mischief in the third degree. Defendant's first trial resulted in a hung jury. Following the second trial, at which he elected to

proceed *pro se*, defendant was found guilty and sentenced as a second felony offender to a determinate prison term of 15 years for the burglary charge running concurrently with an indeterminate prison term of 2 to 4 years for the criminal mischief charge. Defendant appeals.

Initially, defendant contends that the predominantly circumstantial evidence presented at trial was legally insufficient to support his conviction because it failed to establish his identity as the perpetrator to a moral certainty. However, the "moral certainty" standard is not applicable upon appellate review because this Court does not distinguish between direct and circumstantial evidence in assessing its sufficiency (*see*, *People v Davis*, 260 AD2d 726, 729, *lv denied* 93 NY2d 968; *People v Durham*, 248 AD2d 820, 821, *lv denied* 91 NY2d 972; *People v Roraback [Reed]*, 242 AD2d 400, 401, *lvs denied* 91 NY2d 878, 879). The correct test is "whether a rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt" when the evidence presented is viewed in the light most favorable to the prosecution (*People v Harper*, 75 NY2d 313, 316; *see*, *People v Bush*, 266 AD2d 642, 643, *lv denied* 94 NY2d 917; *People v Dolphy*, 257 AD2d 681, 683, *lv denied* 93 NY2d 872).

Taking this view of the evidence here, we find that the crimes charged and defendant's identity as the perpetrator were proven beyond a reasonable doubt (*see*, *People v Bleakley*, 69 NY2d 490, 495; *People v Sprague*, 267 AD2d 875, 878, *lv denied* 94 NY2d 925). The proof at trial established that defendant was apprehended in the vicinity of the crimes shortly after they occurred and that his explanation of his activities in the area was implausible. He was sweating profusely, his feet were wet, his shirt was ripped, and his back, shoulders and hair were littered with bits of broken glass and fibers. The synthetic fibers found on his clothing were shown to be consistent with materials recovered from the broken window screens of the house and cotton fibers found on those screens were shown to be consistent with the composition of defendant's shirt. A police dog followed a scent from the crime scene to the area where defendant had been apprehended. The evidence also established that a car, which was registered to defendant's mother and loaned to him, was observed by the State Police Investigators on the road in front of the burglarized residence. Testimony as to the condition of the house proved that a break-in had occurred, that its interior had been ransacked with valuables piled up as if to be removed and that the damage sustained totaled at least $300. From these facts, a jury could have rea-

sonably inferred that defendant unlawfully entered the home with the intent to commit a crime and damaged the property of another in excess of $250 (*see*, Penal Law §§ 140.25, 145.05; *see also, People v Durham*, 248 AD2d 820, *supra*).

Moreover, upon viewing all of the evidence in a "neutral light," and weighing "the relative probative value of the inferences that may be drawn from the testimony" (*People v Jefferson*, 248 AD2d 815, 817, *lv denied* 92 NY2d 926; *see, People v Dolphy, supra*, at 683-684), we conclude that the verdict also was not against the weight of the evidence.

Defendant also contends that County Court erred in not suppressing his statements, as well as the clothing, glass fragments and fibers, obtained at the time of his arrest because the Investigators failed to read a *Miranda* warning prior to making their inquiries and, therefore, the physical evidence was the product of an unlawful arrest. It is well settled that a police officer who has reasonable suspicion to believe that an individual has committed a crime may stop and question such individual regarding his or her identity and conduct (*see*, CPL 140.50 [1]; *People v Walker*, 267 AD2d 778, 780, *lv denied* 94 NY2d 926). Here, testimony at the *Huntley* hearing and trial established that defendant's responses to the State Police Investigators' pre-*Miranda* inquiries were vague and incredible under the circumstances. We find that the questions prompting these responses were merely investigatory in nature and did not need to be preceded by *Miranda* warnings prior to his being taken into custody (*see, People v Walker, supra*, at 780; *People v Burnett*, 228 AD2d 788, 790; *People v Pileggi*, 141 AD2d 866; *see also, People v Huffman*, 41 NY2d 29, 34; *People v Turner*, 234 AD2d 704, 706). The reasonable inferences flowing from these responses also justified the Investigators' conclusion that defendant was the intruder and thus probable cause existed to arrest him without a warrant (*see, People v Bigelow*, 66 NY2d 417, 423; *People v Schischiptoroff*, 267 AD2d 500, 501, *lv denied* 94 NY2d 925; *People v Surico*, 265 AD2d 596, 597). As a result, the evidence seized at that time was properly admitted as the product of a search incident to a lawful arrest (*see, People v Maldonado*, 244 AD2d 759, 761).

Defendant also contends that the testimony of the State Police Investigators was improperly bolstered by the testimony of a canine officer regarding how a dog tracked defendant's scent from the crime scene. At trial, defendant never objected to the admission of this testimony and, therefore, the issue is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Anderson*, 260 AD2d 387, 388, *lvs denied* 93 NY2d 922, 965;

*People v Griffin*, 246 AD2d 668, 669, *lv denied* 91 NY2d 973). In any event, the canine officer's testimony that the dog picked up a human scent at the crime scene and followed it through the field and woods to its termination in the area where defendant was apprehended was not bolstering, but constituted independent relevant evidence, analogous to a blood test or breath analysis (*see, People v Centolella*, 61 Misc 2d 723, 725), serving to confirm defendant's identity as the intruder (*see generally, People v Harris*, 249 AD2d 775, 776; *People v Roraback [Reed]*, 242 AD2d 400, 405, *supra*).

We also reject defendant's argument that his sentence should be reduced in the interest of justice, for it is well settled that "a sentence within permissible statutory ranges will not be disturbed unless extraordinary circumstances exist warranting a modification" (*People v Woodard*, 263 AD2d 682, *lv denied* 93 NY2d 1029). We find no extraordinary circumstances warranting a reduction here, particularly in light of defendant's criminal history spanning nearly 30 years and the fact that he committed the instant crimes while on parole, only four months after release from incarceration for an earlier burglary conviction (*see, People v Diaz*, 264 AD2d 879, *lv denied* 94 NY2d 879).

Lastly, we have considered the contentions in defendant's *pro se* brief and find them to be meritless. Only his contention that he was deprived of a fair trial as the result of his own decision to proceed to trial *pro se* warrants further comment. The record demonstrates that County Court conducted a lengthy and detailed inquiry regarding defendant's decision and warned him of the potential dangers of self-representation. Only then did County Court permit him to proceed with counsel serving in an advisory capacity. During jury selection, however, defendant then requested a hybrid form of representation wherein counsel would select the jury and cross-examine expert witnesses while defendant otherwise represented himself. Despite the fact that defendant had no constitutional right to such an arrangement (*see, People v Garcia*, 69 NY2d 903), County Court granted this request over the People's objection, and the trial proceeded with defendant closely and regularly consulting with counsel. Given County Court's generous accommodation to defendant's requests, he will not now be heard to claim that he was denied the opportunity to consult with counsel during trial or that he was deprived the effective assistance of counsel (*see, People v Rivera*, 71 NY2d 705, 708-709; *People v Philbert*, 267 AD2d 607, 608, *lv denied* 94 NY2d 905; *People v Greany*, 185 AD2d 376, *lv denied* 80 NY2d 1027; *see also, People v Baldi*, 54 NY2d 137, 147).

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.