■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE BOWMAN, Appellant. [881 NYS2d 507]—

McCarthy, J. Appeal from a judgment of the County Court of

---

Albany County (Breslin, J.), rendered April 23, 2008, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree (three counts) and petit larceny.

Following a jury trial, defendant was convicted of petit larceny and three counts of criminal possession of a forged instrument in the second degree and sentenced, as a second felony offender, to an aggregate prison term of 5 to 10 years. Defendant's lone contention on this appeal is that he did not make a knowing and intelligent waiver of his right to be present during sidebar conferences. We conclude that he did, and now affirm.

It is well settled that a defendant has the right to be present at every material stage of a trial, including sidebar conferences (*see People v Velasquez*, 1 NY3d 44, 47 [2003]). Such a right, however, may be voluntarily waived (*see People v Abdullah*, 28 AD3d 940, 941 [2006], *lvs denied* 7 NY3d 784 [2006]). Here, prior to commencement of defendant's *Sandoval* hearing, County Court expressly asked defense counsel whether he had conferred with his client regarding the issue of appearing at sidebars. Defendant's attorney acknowledged that he had and informed County Court that defendant was declining his right to do so. Defense counsel's affirmative response to County Court's subsequent inquiry as to whether defendant was "waiving appearing at sidebars" was then confirmed by defendant. We have no difficulty concluding that such a colloquy is indicative of a knowing, intelligent and voluntary waiver (*see People v Beverly*, 6 AD3d 874, 875 [2004], *lv denied* 3 NY3d 637 [2004]). Furthermore, although defendant now asserts that the five-month time period between his *Sandoval* hearing and jury selection somehow nullifies the waiver, we observe that defendant failed to object to any of his absences from subsequent sidebar conferences (*see People v Jackson*, 52 AD3d 1052, 1054 [2008], *lv denied* 11 NY3d 789 [2008]).

Peters, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.