◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK A. JONES, Appellant. [975 NYS2d 484]—

Garry, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered September 2, 2010, upon a verdict convicting defendant of the crimes of robbery in the first degree, robbery in the second degree and false personation.

In May 2009, two individuals in the City of Cortland, Cortland County grabbed a victim from behind, threatened her with a knife and stole her purse. Shortly thereafter, police detained defendant and Desiree Smith nearby. The victim identified them as her assailants, and Smith agreed to cooperate with police. Following a jury trial, defendant was convicted of robbery in the first degree, robbery in the second degree, and false personation; he was acquitted of criminal possession of a weapon in the third degree. He was sentenced as a persistent violent felony offender to an aggregate prison term of 25 years to life. Defendant appeals.

Initially, defendant contends that County Court erred in denying his pretrial motion to dismiss the indictment on the ground that he was improperly forced to testify before the grand jury in prison attire and mechanical restraints. The minutes reveal that the People requested the removal of defendant's handcuffs at the beginning of his testimony. Defendant remained in shackles and prison garb thereafter. However, as he neither objected nor requested curative instructions, this contention is unpreserved (*see People v Abron*, 37 AD3d 1163, 1163 [2007], *lv denied* 8 NY3d 980 [2007]; *People v Fields*, 262 AD2d 793, 794-

795 [1999], *lv denied* 93 NY2d 1017 [1999]; *see also People v Rouse*, 79 NY2d 934, 935 [1992]). Moreover, our review of the testimony reveals no likelihood that the grand jury's determination was affected by any prejudice resulting from defendant's appearance.

County Court properly found that probable cause existed for defendant's arrest. Testimony at the *Dunaway* hearing established that, within moments after the incident, police located Smith, asked her about the whereabouts of the second assailant, saw her glance toward a dumpster and heard someone run away from behind it. Officers found the victim's purse and umbrella behind this dumpster, and a dog trained in tracking suspects led them from these items to a nearby overgrown area where defendant was discovered, lying face down and dressed as described by the victim. This information was sufficient to support the officers' reasonable belief that defendant was the second individual who had perpetrated the robbery (*see People v Shulman*, 6 NY3d 1, 25-26 [2005], *cert denied* 547 US 1043 [2006]; *People v Tunstall*, 278 AD2d 585, 587 [2000], *lv denied* 96 NY2d 788 [2001]; *People v Lynch*, 178 AD2d 779, 781 [1991], *lv denied* 79 NY2d 949 [1992]).

We reject defendant's contention that the victim's pretrial identification of defendant should have been suppressed. Testimony at the *Wade* hearing revealed that, 20 to 40 minutes after the incident, a police officer transported the victim to the area where defendant had just been found. She identified him from within the patrol car as he stood on a well-lit street with several police officers, wearing handcuffs that were inconspicuous or invisible due to his clothing and position.[1] Such a showup identification is permissible where, as here, it occurs in close temporal and geographical proximity to the crime and no other circumstances are unduly suggestive (*see People v Mathis*, 60 AD3d 1144, 1145-1146 [2009], *lv denied* 12 NY3d 927 [2009]; *People v Mattis*, 46 AD3d 929, 931 [2007]; *People v Golston*, 13 AD3d 887, 889 [2004], *lv denied* 5 NY3d 789 [2005]).

We reject defendant's claim that his exclusion from a sidebar conference addressing his counsel's potential obligation to supply certain documents to the People constituted a denial of his right to be present at every material stage of the trial (*see* CPL 260.20; *People v Velasquez*, 1 NY3d 44, 47 [2003]).[2] Defendant had expressly waived his right to be present at bench confer-

---

1. The victim did not testify at the *Wade* hearing, but stated at trial that she was not sure whether defendant was handcuffed.

2. Notably, this conference addressed "only questions of law or procedure" (*People v Horne*, 97 NY2d 404, 416 [2002] [internal quotation marks and cita-

ences by executing written waivers in open court and by affirming the waivers' knowing, voluntary and intelligent character in a thorough colloquy with County Court (*see People v Cahill*, 2 NY3d 14, 55-56 [2003]; *People v Bowman*, 62 AD3d 1210, 1211 [2009], *lv denied* 13 NY3d 742 [2009]).[3]

Defendant next contends that his convictions for robbery in the first and second degrees were against the weight of the evidence. Where, as here, a different result would not have been unreasonable, such a review requires this Court to "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]). The testimony at trial included descriptions of the robbery by the victim and an eyewitness, as well as Smith's detailed account of her actions and those of defendant before, during and after the incident. Several law enforcement officers testified about the investigation immediately after the robbery, in which they interviewed the victim, the eyewitness and Smith, discovered two knives and items belonging to the victim on Smith's person and in the vicinity, and pursued and apprehended defendant. Contrary to defendant's claim, Smith's accomplice testimony was fully corroborated by physical evidence and witness testimony connecting defendant with the commission of the robbery (*see* CPL 60.22 [1]; *People v Reome*, 15 NY3d 188, 191-192 [2010]; *People v Matthews*, 101 AD3d 1363, 1365 [2012], *lv denied* 20 NY3d 1101 [2013]). According deference to the jury's credibility assessments and viewing the evidence in a neutral light, the verdict was not against the weight of the evidence (*see People v Toye*, 107 AD3d 1149, 1151 [2013]; *People v Mathis*, 60 AD3d at 1146-1147).

Finally, defendant contends that he did not receive the effective assistance of counsel. Although County Court expressed concern before trial over the unexplained failure of defendant's first attorney to file timely pretrial motions, defendant obtained relief—including the *Dunaway* hearing—by moving pro se. Thereafter, he retained new counsel whose effective pretrial representation included obtaining the *Wade* hearing. The record does not support defendant's claims that his counsel failed to sufficiently explore alleged conflicting evidence pertaining to

---

tion omitted]; *see People v Horan*, 290 AD2d 880, 883-884 [2002], *lv denied* 98 NY2d 638 [2002]).

**3.** Defendant executed two documents that separately waived his participation in sidebar discussions of potential juror bias and those addressing points of law.

the male suspect's skin color or conducted an inadequate pretrial investigation. Counsel's alleged trial errors in eliciting incriminating testimony from Smith, revealing defendant's status as a parolee, and referring to his race were strategic efforts to discredit Smith, explain defendant's actions in hiding from police and challenge his identification. While defendant raises other alleged errors, effective assistance requires "reasonable competence, not perfect representation" (*People v Modica*, 64 NY2d 828, 829 [1985] [internal quotation marks and citation omitted]). Viewed in its totality, the record reveals that counsel pursued a coherent theory of defense premised on misidentification, vigorously cross-examined witnesses, made effective objections, secured an acquittal on one charge and otherwise provided defendant with meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Estella*, 107 AD3d 1029, 1033 [2013], *lv denied* 21 NY3d 1042 [2013]; *People v Jones*, 101 AD3d 1241, 1242-1243 [2012], *lv denied* 21 NY3d 944 [2013]).

Defendant's remaining argument has been examined and found to be without merit.

Stein, J.P., McCarthy and Spain, JJ., concur. Ordered that the judgment is affirmed.

