■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM Q. JEMMOTT, Appellant. [984 NYS2d 443]—

Garry, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered February 17, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

In September 2010, two individuals in the City of Kingston, Ulster County flagged down a police cruiser. Pointing at defendant walking nearby, they stated that he had threatened one of them with a gun. After briefly following defendant, Detective Eric VanAllen stopped him, conducted a pat-down search, and asked him a few questions; defendant was then handcuffed and placed in a police vehicle. Officers searched the vicinity and did not find a weapon, but thereafter located a parked vehicle matching a description of a green minivan that the victims said they had seen defendant driving immediately after the incident. The minivan was registered in the name of an individual whose

identification had been found in defendant's possession during the pat-down search, and an officer stated that he saw a gun inside the vehicle. Using a key that had been found on defendant's person during the search, VanAllen unlocked and entered the minivan, where he found a loaded firearm in plain sight. VanAllen then had a brief conversation with defendant, but stopped when defendant stated that he was thinking about talking with a lawyer. Defendant was brought to the police station; several hours later, he asked to speak with VanAllen and made a recorded statement after twice being given *Miranda* warnings.

Defendant was subsequently indicted for criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts). Following a joint *Huntley*, *Wade*, *Mapp* and *Dunaway* hearing, County Court partially denied defendant's motion to suppress evidence and statements. Defendant pleaded guilty to criminal possession of a weapon in the second degree in full satisfaction of the indictment and was sentenced as a second felony offender to a prison term of 12 years. Defendant appeals.

We reject defendant's contention that his responses to VanAllen's inquiries during the pat-down search should have been suppressed. A police officer who reasonably suspects that a person has committed a crime may stop and detain that person, and need not administer *Miranda* warnings before asking questions "for the purpose of ascertaining [the person's] identity and an explanation of his [or her] conduct" (*People v Walker*, 267 AD2d 778, 780 [1999], *lv denied* 94 NY2d 926 [2000]; *see* CPL 140.50 [1]; *People v Tunstall*, 278 AD2d 585, 587 [2000], *lv denied* 96 NY2d 788 [2001]). VanAllen's questions as to defendant's name and whether he "had a problem with a girl around the corner" were permissible as "threshold crime scene inquiries designed to clarify the situation" (*People v Coffey*, 107 AD3d 1047, 1050 [2013], *lv denied* 21 NY3d 1041 [2013] [internal quotation marks and citations omitted]). Moreover, his questions as to whether defendant had a gun or had "tossed" a gun away—asked soon after defendant had allegedly threatened the victims with a weapon, near a school that was about to close for the day, releasing children into the neighborhood where police suspected that the gun was located—were justified by " 'the immediate necessity of ascertaining the whereabouts of a [threat to the public safety]' " (*People v Strickland*, 169 AD2d 9, 12 [1991], quoting *New York v Quarles*, 467 US 649, 657 [1984]; *see People v Scotchmer*, 285 AD2d 834, 836 [2001], *lv denied* 96 NY2d 942 [2001]; *People v Sanchez*, 255 AD2d 614, 615 [1998], *lv denied* 92 NY2d 1053 [1999]).

County Court properly refused to suppress the gun and other evidence derived from the search of the vehicle. The minivan—found about 150 yards from the crime scene—was the only vehicle in the area that fit the victims' description of the green minivan that defendant had been driving, matched the identification and car keys found in defendant's possession, and contained a weapon in plain sight. Thus, officers had probable cause to believe that the vehicle contained contraband, there was a nexus between this probable cause and defendant's arrest, and the warrantless search was permissible (*see People v Galak*, 81 NY2d 463, 467 [1993]; *People v Anderson*, 104 AD3d 968, 970 [2013], *lv denied* 21 NY3d 1013 [2013]; *People v Myers*, 303 AD2d 139, 145 [2003], *lv denied* 100 NY2d 585 [2003]).

However, defendant's statements to VanAllen in the police station should have been suppressed. Police may not continue to question a suspect in custody who unequivocally invokes the right to counsel, and any purported waiver of the right thereafter is ineffective if it is made without counsel present (*see People v Grice*, 100 NY2d 318, 320-321 [2003]; *People v Esposito*, 68 NY2d 961, 962 [1986]). "Whether a particular request is or is not unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant" (*People v Glover*, 87 NY2d 838, 839 [1995]). Here, VanAllen testified that, after the gun was found, he and defendant had a brief discussion in which defendant asked what he should do, and VanAllen responded that defendant should tell the truth. According to VanAllen, defendant then became "sarcastic," stating, "I am thinking of talking to an attorney," and VanAllen immediately terminated the interview. After defendant asked to speak with him later that evening, VanAllen began the recorded interview by asking, "Did there come a point in time earlier today when you asked for an attorney?"* Defendant asked VanAllen to repeat the question, and VanAllen said, "Earlier today . . . did you tell me you wanted to talk to your lawyer?" Defendant answered, "Yeah." VanAllen then asked defendant whether he was now willing to answer questions without an attorney, and—with some hesitation—defendant responded that he was.

Phrases such as "I think" or "maybe" do not necessarily establish that a request for counsel is uncertain or equivocal (*see*

---

* There are certain inconsistencies between the recording of defendant's statement that was provided to this Court and the transcription included in the record; where such differences exist, we have relied upon the recording.

*People v Esposito*, 68 NY2d at 962; *People v Jones*, 21 AD3d 429, 429 [2005], *lv denied* 6 NY3d 755 [2005]). The relevant inquiry is whether a reasonable police officer would have understood the statement in question as a request for an attorney (*see Davis v United States*, 512 US 452, 459 [1994]). Although this is an objective standard, the fact that an officer did, in fact, treat a defendant's request as an assertion of the right to counsel is properly taken into account in assessing what a reasonable police officer would have believed (*see People v Harris*, 93 AD3d 58, 69-70 [2012], *affd* 20 NY3d 912 [2012]). Here, despite the allegedly sarcastic tone of defendant's initial statement, VanAllen indicated that he understood it as a request for counsel by promptly ceasing his inquiries. Further, when VanAllen later twice asked whether he had requested counsel, defendant confirmed without any equivocation that he had. Under these circumstances, a reasonable police officer would have understood that defendant had asserted his right to counsel (*see People v Porter*, 9 NY3d 966, 967 [2007]; *People v Harris*, 93 AD3d at 69-70; *People v Wood*, 40 AD3d 663, 664 [2007], *lv denied* 9 NY3d 928 [2007]). Accordingly, defendant's alleged waiver was ineffective, and his statements following the initial request should have been suppressed.

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, that part of defendant's motion to suppress statements made after he invoked his right to counsel granted as set forth herein, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.

