■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS F. BOWERS, Appellant. [608 NYS2d 347] —Casey, J. Appeal from a judgment of the County Court of Essex County (Feldstein, J.), rendered February 21, 1992, upon a verdict convicting defendant of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

On this appeal, defendant contends that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. We find no merit in either contention. The People's evidence demonstrated that defendant was observed exiting the driver's door of his truck immediately after the accident. There were a number of items in the seat of the truck which would have prevented a person from occupying the passenger's seat. Defendant admitted he was driving. This evidence was sufficient for the jury to conclude that defendant was driving the truck when it crashed *(see, People v Charland,* 194 AD2d 827).

The People also produced evidence from a State Trooper that defendant had bloodshot eyes, smelled of alcohol, lacked motion coordination and admitted he had been drinking. This evidence was sufficient to establish defendant's intoxication *(see, People v Lizzio,* 178 AD2d 741, *lv denied* 79 NY2d 921). Defendant's explanation for his intoxicated appearance, which attempted to show that his appearance was not alcohol related, was obviously not accepted or credited by the jury. We find the verdict to be adequately supported by the evidence.

Based on his prior record and on his convictions, and after a hearing, defendant was sentenced as a persistent felony of-

fender to concurrent prison terms of 15 years to life on each conviction. Defendant initially argues that a persistent felony determination cannot be founded on violations of the Vehicle and Traffic Law and must be confined to those felonies prescribed in the Penal Law. The persistent felony offender statute defines such an offender as "a person * * * who stands convicted of a felony after having previously been convicted of two or more felonies" (Penal Law § 70.10 [1] [a]). Significantly, this statute draws no distinction based upon the particular law under which the felonies are defined. In contrast, Penal Law § 70.06, which deals with second felony offenders and which is the basis for defendant's argument, requires the felony of which defendant stands convicted to be defined under the Penal Law (see, People v Morris, 86 AD2d 763). Nevertheless, even in the case of second offenders, there is no requirement that the predicate felony be prescribed by the Penal Law only (see, Penal Law § 70.06 [1] [a]; People v Butts, 127 AD2d 777; People v Caruso, 125 AD2d 403). Under the clear wording of Penal Law § 70.10, which governs persistent felons, there is no indication that the Legislature restricted either the predicate felonies or the felony of which defendant stands presently convicted to those prescribed in the Penal Law. Defendant here qualifies as a persistent felon, as County Court determined.

Defendant further argues that his sentence, even if legal, is unduly harsh and excessive. We disagree. Defendant has an extensive criminal history extending back 50 years. County Court noted that defendant had 13 previous alcohol-related driving offenses and that others had occurred after his arrest on the current charges. County Court also observed a total inability on the part of defendant to refrain from operating a motor vehicle while intoxicated. In light of defendant's extraordinary history of alcohol-related offenses, County Court did not abuse its discretion in treating defendant as a persistent felony offender (see, e.g., People v Early, 191 AD2d 807, 809). Further, we find defendant's claim that his sentence is cruel and unusual under the Federal constitution devoid of all merit (see, Harmelin v Michigan, 501 US 957, 111 S Ct 2680). Defendant was not deprived of the effective assistance of counsel (see, People v Baldi, 54 NY2d 137, 146-147). The judgment of conviction should therefore be affirmed.

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the judgment is affirmed.