(December 12, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT K. TURNER, Appellant. [651 NYS2d 655] —Spain, J. Appeal from a judgment of the County Court of Sullivan County

(Kane, J.), rendered May 18, 1993, upon a verdict convicting defendant of the crimes of driving while intoxicated (two counts) and aggravated operation of a motor vehicle in the first degree.

On May 29, 1992, police were dispatched to the area of River Edge Trailer Park in the Town of Mamakating, Sullivan County, after reports were made of an automobile in the area being operated in a reckless manner. Shortly thereafter, a State Police Investigator spotted a station wagon which matched the description of the automobile. The investigator observed that the driver, later identified as defendant, was driving erratically and repeatedly crossed the yellow lines on the roadway. Defendant reentered the park and, without any direction by the investigator, pulled his station wagon over; defendant and a passenger exited the vehicle.

The investigator later testified that upon exiting his vehicle and engaging defendant in conversation, he observed that defendant had slurred speech, was swaying, glassy eyed and smelled of alcohol; defendant also had to prop himself alongside his vehicle for balance and repeatedly identified himself as "John Van Orden". Defendant admitted to another State Trooper who subsequently arrived at the scene that he had consumed five shots of whiskey. At approximately 11:37 P.M., defendant was placed under arrest for criminal impersonation and he was seated in the troop car. While in the troop car defendant admitted to the investigator that his real name was Robert Turner; he also failed an alphabet test and declined when asked to submit to a series of field sobriety tests. At 11:40 P.M., defendant was arrested for driving while intoxicated. After arriving at the State Police barracks, defendant was advised of his *Miranda* rights, which he subsequently waived. Thereafter, defendant admitted to drinking two six-packs of beer and a quart of whiskey. He further admitted that his driver's license had been revoked. Defendant consented to take a breathalyzer test which was completed at approximately 1:35 A.M.; the results of the test indicated that defendant had a blood alcohol content level of .14%.

On July 15, 1992, defendant was indicted on two counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c]), one count of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]) and one count of criminal impersonation in the second degree (Penal Law § 190.25 [1]). On the same date, a special information was filed by the People charging defendant with having previously been

convicted of operating a vehicle while under the influence of alcohol and aggravated unlicensed operation of a motor vehicle in the first degree (*see*, CPL 200.60 [2]). The information also indicated that defendant's license to operate a motor vehicle was revoked on March 29, 1990. Following trial, the jury rendered a verdict of guilty on the first three counts of the indictment. After a persistent felony offender hearing, County Court sentenced defendant as a persistent felony offender to concurrent prison terms of 15 years to life on each of the three counts. Defendant appeals.

We affirm. Although unpreserved for review, we find defendant's contention that County Court erred in admitting the results of the breathalyzer test to be without merit. Vehicle and Traffic Law § 1194 (2) (a) (1) specifically states that the two-hour period within which a breathalyzer test must be administered commences at the time the defendant is placed under arrest for a driving while intoxicated charge. Here, the record reveals that defendant was arrested on the alcohol charge at 11:40 P.M. Thus, the test administered at 1:35 A.M. was conducted within the two-hour limit. Moreover, defendant's consent to the test renders the two-hour limit inapplicable (*see*, *People v Atkins*, 85 NY2d 1007, 1008-1009; *People v Mills*, 124 AD2d 600, *lv denied* 69 NY2d 953).

Next, we reject defendant's contention that certain statements made by him after being stopped and subsequently arrested were improperly admitted by County Court. After a *Huntley* hearing, County Court excluded statements made by defendant after his arrest but prior to his *Miranda* waiver, including his statement that his name was Robert Turner. However, County Court correctly refused to suppress defendant's remaining pre-*Miranda* statements and his incorrect recitation of the alphabet, ruling that the statements were in response to inquiries which were investigatory in nature and that the alphabet response was nontestimonial. Defendant's initial statements were incidental to the Troopers' attempt to identify the driver of the vehicle and were not of a custodial nature and were thus properly admitted (*see, e.g.*, *People v Yukl*, 25 NY2d 585, *cert denied* 400 US 851; *see also*, *People v Burnett*, 228 AD2d 788; *People v Pileggi*, 141 AD2d 866). Further statements made by defendant after he voluntarily waived his *Miranda* rights were also admissible. In our view, the record supports County Court's determination that the statements at issue were made either to the officers during their initial investigation (*see*, *People v Burnett*, *supra*) or as voluntary admissions following a *Miranda* waiver.

We next conclude, contrary to defendant's assertions, that County Court acted properly when it postponed sentencing so as to provide defendant the necessary 20 days of notice prior to holding the persistent felony offender hearing. The record clearly reveals that defendant was aware of the possibility of being sentenced, after conviction, as a persistent felony offender, both through comments and advice given by counsel and his personal knowledge of his extensive criminal background.

Finally, we reject defendant's contentions that he was denied equal protection regarding his sentence and that the sentence is excessive, an abuse of discretion and constitutes cruel and unusual punishment. Initially, defendant argues that under the present statutory scheme, a harsher sentence may be given to a persistent nonviolent felony offender (Penal Law § 70.10) than to a persistent violent felony offender (Penal Law § 70.08). Defendant requests that this Court fashion an appropriate minimum sentence such as the Court of Appeals did in *People v Green* (68 NY2d 151) for class E persistent violent felonies. It is well settled, however, that "[t]he Legislature may distinguish among the ills of society which require a criminal sanction, and prescribe, as it reasonably views them, [appropriate sanctions]" (*People v Broadie*, 37 NY2d 100, 110).

Further, a sentence imposed within the statutory limits ordinarily is not cruel and unusual punishment in the constitutional sense (*see, People v Jones*, 39 NY2d 694). In our view, the implementation of the enhanced sentence in the instant case corresponds to defendant's long and unwavering criminal history. We have previously upheld the legality of a 15-year to life sentence for a persistent felony offender convicted of driving while intoxicated and aggravated unlicensed operation of a vehicle in a case analogous to the instant matter (*see, People v Bowers*, 201 AD2d 830, *lv denied* 83 NY2d 909). Here, County Court noted defendant's extensive criminal background. In the previous 13 years defendant has been arrested and convicted on charges ranging from burglary in the third degree, misdemeanor driving while intoxicated, petit larceny, issuing bad checks, felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle. Based upon defendant's inability to cope with his alcoholism and his continued failure to refrain from mixing alcohol and the privilege of driving an automobile, we find no reason to disturb County Court's treatment of defendant as a persistent felony offender.

We have considered defendants' remaining contentions and find them to be without merit.

Mercure, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.