■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONAHUE A. MILLER, JR., Appellant. [681 NYS2d 367] —Peters, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered March 10, 1997, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and aggravated unauthorized operation of a motor vehicle in the second degree.

On June 27, 1996, defendant was stopped by the State Police for operating a motor vehicle without using his safety belt and upon a further suspicion that he was driving while intoxicated. At the time of police intervention, defendant's license had already been suspended pursuant to a November 1992 conviction for operating a motor vehicle while under the influence of alcohol. In September 1996, defendant was charged, in a three-count indictment, with operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1193 [1] [c]), aggravated unlicenced operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]) and operating a motor vehicle without being restrained by a safety belt (Vehicle and Traffic Law § 1229-c [3]).

Defendant's attorney filed an omnibus pretrial motion requesting, *inter alia*, discovery, a bill of particulars, suppression of statements, inspection of Grand Jury minutes and a *Sandoval* ruling. All requests, other than the request to inspect the Grand Jury minutes, were denied by County Court.

Prior to trial, defendant entered a plea of guilty to one count of driving while intoxicated, a class E felony, and one count of

aggravated unlicenced operation of a motor vehicle in the second degree, a class A misdemeanor. The plea was entered with the specific understanding that a presentence investigation would be completed and that the sentence imposed would be no greater than a prison sentence of 1 to 3 years with fines as determined by County Court. When such plea was entered, defendant was already incarcerated on a separate charge arising from a 1994 alcohol-related incident.

County Court, upon a thorough review of the presentence report which revealed an extensive criminal history involving alcohol-related offenses, sentenced defendant to a prison term of 1 to 3 years on the driving while intoxicated charge, to run consecutively with the sentence he was then serving. He was further sentenced to a term of 30 days on the aggravated unlicenced operation of a motor vehicle charge to run concurrent with the term imposed for the charge of driving while intoxicated and was assessed, *inter alia*, $3,000 in fines which were ultimately vacated by County Court.

Proceeding *pro se* upon this appeal, defendant contends that because he was suffering from post-acute withdrawal syndrome, this factor, along with others, rendered his plea invalid. Upon our review, we find the contention lacking in merit. Notably, while defendant acknowledged in open court that he had a drinking problem, he specifically affirmed that he was neither under the influence of alcohol nor suffering from any mental problems at the time of the entry of his plea. Our further review of his allocution reveals that the plea was both voluntary and knowing, and that it reflected an intelligent choice in light of the charges pending (*see, People v Pressley*, 241 AD2d 621).

The negotiations leading to such an advantageous plea also undercut defendant's contention that he was not afforded effective assistance of counsel (*see, People v Medina*, 249 AD2d 694, 694-695). While we are mindful that portions of counsel's pretrial motion were premature and that his motion for a *Sandoval* hearing was flawed, the record reveals a vigorous and thorough representation of defendant at sentencing. Most importantly, defendant was unable to demonstrate any actual prejudice which may have resulted from the purported shortcomings of counsel (*see, People v Charlton*, 192 AD2d 757, 760, *lv denied* 81 NY2d 1071).

As to defendant's challenge to his sentence, we note that not only did it ultimately comport with the promises of County Court, it also fell within statutory limits—a finding typically undermining a constitutional infraction alleging cruel and

unusual punishment (*see, People v Turner*, 234 AD2d 704, 707, citing *People v Jones*, 39 NY2d 694). With the sentence both legal (*see*, Penal Law § 70.25 [1]) and appropriate in light of defendant's extensive history of alcohol-related offenses, we decline to disturb it.

Having considered defendant's remaining contentions, including that alleging judicial bias, and finding them without merit, we affirm the judgment of conviction.

Cardona, P. J., Mikoll, Mercure and Carpinello, JJ., concur. Ordered that the judgment is affirmed.