THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SHANK, Appellant. [808 NYS2d 533]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered June 25, 2003. The judgment convicted defendant, after a nonjury trial, of felony driving while intoxicated and four traffic infractions.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of operation of a motor vehicle upon a public highway while drinking an alcoholic beverage and dismissing count four of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]), operation of a motor vehicle upon a public highway while drinking an alcoholic beverage (§ 1227 [1]), and other traffic infractions. Defendant failed to preserve for our review his contention that the conviction of driving while intoxicated is not supported by legally sufficient evidence because the People failed to establish that he was intoxicated (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Fuzia*, 4 AD3d 373 [2004], *lv denied* 2 NY3d 799 [2004]; *People v Kane*, 240 AD2d 516 [1997]) and, in any event, that contention is without merit. A person is guilty of driving while intoxicated "when the driver has voluntarily consumed alcohol to the extent that he [or she] is incapable of employing the physical and mental abilities which he [or she] is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (*People v Cruz*, 48 NY2d 419, 428 [1979], *appeal dismissed* 446 US 901 [1980]). A police officer testified at trial that he responded to a call of a suspicious vehicle or noise complaint and observed a vehicle heading towards him without a front license plate. The officer made a U-turn and followed the vehicle into a nearby parking lot, whereupon he observed that the vehicle also did not have a rear license plate. The officer stopped the vehicle and approached defendant, the

driver of the vehicle. The officer observed that defendant had bloodshot and watery eyes, he detected a strong odor of alcohol on defendant's breath and, upon conversing with defendant, he noticed that defendant's speech was slurred. When the officer ordered defendant out of the vehicle, defendant stumbled from the vehicle, using the vehicle for balance. Defendant admitted that he had been drinking and that he was intoxicated. Defendant failed several field sobriety tests and refused to take a breathalyzer test. Contrary to the contention of defendant, the fact that the officer had not observed anything improper in the manner in which defendant drove his vehicle was merely one factor for the trier of fact to consider in determining whether defendant was intoxicated and did not preclude the trier of fact from finding that defendant was guilty of driving while intoxicated. We thus conclude that the conviction of driving while intoxicated is based on legally sufficient evidence, and we further conclude that the verdict with respect to that count is not against the weight of the evidence (*see People v Hasenflue*, 252 AD2d 829, 831-832 [1998], *lv denied* 92 NY2d 982 [1998]; *People v Bowers*, 201 AD2d 830 [1994], *lv denied* 83 NY2d 909 [1994]; *see also Kane*, 240 AD2d 516 [1997]; *People v Cole*, 178 AD2d 1016 [1991]).

We agree with defendant, however, that the conviction of operation of a motor vehicle upon a public highway while drinking an alcoholic beverage is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and we therefore modify the judgment accordingly. Although defendant failed to preserve his contention for our review (*see Gray*, 86 NY2d at 19), we nevertheless exercise our power to review his contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Vehicle and Traffic Law § 1227 (1) prohibits "[t]he drinking of alcoholic beverages, or the possession of an open container containing an alcoholic beverage, in a motor vehicle located upon the public highways." Here, the officer testified that he observed an empty beer bottle in defendant's vehicle. Thus, there was no evidence that the bottle contained alcohol, nor was there evidence that defendant was drinking from the bottle while in the vehicle "located upon [a] public highway[ ]" (*id.*). Present—Pigott, Jr., P.J., Gorski, Smith, Green and Hayes, JJ.