◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VELEZ, Appellant. [881 NYS2d 323]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered May 31, 2007, convicting him of burglary in the third degree, possession of burglar's tools, and unlawful possession of a radio device, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial because the defendant's employer referred to inadmissible hearsay, which violated his constitutional right to confront witnesses against him (US Const 6th Amend; NY Const, art I, § 6). The defendant's contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Liner*, 9 NY3d 856 [2007]). Further, it is apparent from the record that defense counsel's failure to object to the defendant's employer's references to his dispatcher and the time sheets for the day of the crime was part of a trial strategy to discredit the employer's testimony (*see People v Sprosta*, 49 AD3d 784 [2008]).

Contrary to the defendant's contention, he was not denied the effective assistance of counsel. The record reveals legitimate explanations for the alleged instances of ineffective assistance of counsel (*id.*). Further, viewing the totality of the evidence, the law, and the circumstances of the case, we conclude that the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Gonzalez*, 22 AD3d 597, 598 [2005]; *People v Torres*, 13 AD3d 562 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.