■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK TRAVIS, Appellant. [890 NYS2d 552]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered December 16, 2005, convicting him of operating a motor vehicle while under the influence of alcohol or drugs (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree, upon a jury verdict, and sentencing him, as a persistent felony offender, to indeterminate terms of imprisonment of 15 years to life on each count, to run concurrently with each other.

Ordered that the judgment is affirmed.

The defendant was indicted on two counts of operating a motor vehicle while under the influence of alcohol or drugs (Vehi-

cle and Traffic Law § 1192 [2], [3]) and one count of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]). The defendant had several previous convictions of operating a motor vehicle while under the influence of alcohol or drugs, and his license to operate a motor vehicle had been revoked as a result of a prior conviction of operating a motor vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192 (3) (driving while intoxicated). Following trial, the defendant was convicted of the three counts of the indictment. After a persistent felony offender hearing, the County Court sentenced him, as a persistent felony offender, to indeterminate terms of imprisonment of 15 years to life on each of the three counts, to run concurrently. The defendant appeals.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the County Court erred in admitting the results of a breathalyzer test is without merit. The People laid a proper foundation for the admission of the results by introducing evidence from which the trier of fact could reasonably conclude, inter alia, that the testing device was in proper working order at the time the test was administered to the defendant (*see People v Todd*, 38 NY2d 755 [1975]), and that the chemicals used in conducting the test were of the proper kind (*People v Donaldson*, 36 AD2d 37 [1971]; *People v Meikrantz*, 77 Misc 2d 892 [1974]). Further, the People presented proper foundation testimony under CPLR 4518 to establish that the particular instrument used to test the defendant's blood alcohol content had been tested within a reasonable period in relation to the defendant's test and found to be properly calibrated and in working order (*see People v Mertz*, 68 NY2d 136 [1986]; *People v Todd*, 38 NY2d at 755).

We also reject the defendant's contentions that he was denied equal protection regarding his sentence, and that the sentence was an abuse of discretion and constituted cruel and unusual punishment. A sentence imposed within the statutory limits ordinarily is not cruel and unusual punishment in the constitutional sense (*see People v Jones*, 39 NY2d 694, 697 [1976]). In our view, the imposition of the enhanced sentence in the instant case corresponds to defendant's long and unwavering criminal

history. A sentence of 15 years to life for a persistent felony offender convicted of operating a motor vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192 (3) (driving while intoxicated) and aggravated unlicensed operation of a vehicle in the first degree has previously been upheld (*see People v Turner*, 234 AD2d 704 [1996]; *People v Bowers*, 201 AD2d 830 [1994]). Here, the County Court noted the defendant's extensive criminal background. In the 23 years prior to sentencing, the defendant had been arrested and convicted of eight previous charges of operating a motor vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192 (3) (driving while intoxicated), six of which were felonies. Based upon the defendant's continued drinking and his continued failure to refrain from mixing alcohol and the privilege of driving an automobile, we find no reason to disturb the County Court's treatment of the defendant as a persistent felony offender. The sentence imposed was not excessive (*see People v Adams*, 55 AD3d 616 [2008]; *People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Dickerson and Eng, JJ., concur.

Hall, J., concurs in part, and dissents in part, and votes to modify the judgment appealed from by reducing the sentence imposed to indeterminate terms of imprisonment of 1⅓ to 4 years on each count, to run concurrently with each other, with the following memorandum: I respectfully dissent, in part. It is my opinion that this Court should exercise its discretion in the interest of justice and find that the County Court's sentence of the defendant to 15 years to life on his conviction for two counts of operating a motor vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192 (3) (driving while intoxicated) and one count of aggravated unlicensed operation of a motor vehicle in the first degree, to be served concurrently, is unduly harsh and severe (*see* CPL 470.15 [6] [b]).

I agree with the majority as to its determination of all issues raised on this appeal except the appropriate punishment of the defendant.

In determining the appropriate punishment for a discretionary persistent felony offender, the court should consider the history and character of the defendant, the nature of the crime, the particular circumstances of the offense, and the purpose of the penal sanction (*see* CPL 400.20). I do not dispute my colleagues' recitation of the facts, but, in applying the factors set forth in CPL 400.20 to the facts of this case, the sentence

imposed, a term of imprisonment of 15 years to life on each of the three counts of which the defendant was convicted, to run concurrently with each other, was unduly harsh and severe and, therefore, should be reduced in the interest of justice.

I highlight the facts that struck me as particularly significant and that distinguish this case from *People v Bowers* (201 AD2d 830 [1994]) and *People v Turner* (234 AD2d 704 [1996]), the Appellate Division, Third Department, cases on which my colleagues rely.

Unlike in *Bowers*, the defendant here, who has a record of alcohol-related offenses, has no history of violence and has never caused physical injury or property damage through these accidents. His most recent felony conviction for driving while intoxicated was 10 years ago, in 1999, for which he received an indeterminate sentence of 1½ to 4½ years of imprisonment. In *Bowers*, the Court affirmed the defendant's sentence of 15 years to life based on the defendant's 50-year criminal history, 13 previous alcohol-related driving offenses, at least one of which occurred after his arrest on the current charge, and the fact that the defendant was involved in an accident.

This case also may be distinguished from *Turner*, in which the defendant was observed driving erratically and repeatedly crossing the yellow lines on the roadway.

With respect to the underlying incident, the defendant was not observed driving recklessly, erratically, or otherwise. The defendant was observed while parking his vehicle, which he drove less than 100 feet. He was traveling at the posted speed limit of 30 miles per hour, and the arresting officer did not observe a moving violation. The defendant was approached by police officers on the basis that one of the headlights of his truck was not working. The arresting officer testified that the vehicle came to a stop in a normal fashion.

In my estimation, the facts of this case demonstrate that, while the defendant is certainly suffering from long-term alcoholism, he did not possess the requisite culpability to warrant a sentence of incarceration of 15 years to life. This Court should exercise its discretion by reducing the defendant's sentence and imposing the maximum sentence for a class E felony (*see* Vehicle and Traffic Law § 1193 [1] [c]), an indeterminate sentence of 1⅓ to 4 years of imprisonment (*see* Penal Law § 70.00 [2] [e]). On the basis of the sentence alone, I respectfully dissent in part.