THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD J. KRAUSE, Appellant. [896 NYS2d 755]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered March 29, 2007. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, as a class D felony, aggravated unlicensed operation of a motor vehicle in the first degree and a traffic infraction.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, felony driving while intoxicated (DWI) (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (ii)]) and aggravated unlicensed operation of a motor vehicle in the first degree (AUO) (§ 511 [3] [a]), defendant contends that the verdict is against the weight of the evidence with respect to those two crimes. We reject that contention. The sole witness at trial was the police officer who stopped defendant's vehicle and testified he could smell the odor of alcohol on defendant's breath, defendant's eyes were bloodshot and glassy, and defendant's speech was slurred. The officer further testified that he administered three field sobriety tests, two of which defendant failed. Viewing the evidence in light of the elements of those two crimes as charged to the jury (see *People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally *People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention with respect to the conviction of DWI, there is no requirement that an officer observe a defendant driving improperly to support such a conviction. Indeed, "the manner in which defendant drove his vehicle was merely one factor for the [jury] to consider in determining whether defendant was intoxicated and did not preclude the [jury] from finding that defendant was guilty of [DWI]" (*People v Shank*, 26 AD3d 812, 814 [2006]). Other factors for the jury to consider included the odor of alcohol on defendant's breath, defendant's watery and bloodshot

eyes and slurred speech, and defendant's failure to perform field sobriety tests (*see People v Gallup*, 302 AD2d 681 [2003], *lv denied* 100 NY2d 594 [2003]). With respect to the conviction of AUO, the People established that defendant operated a motor vehicle while knowing or having reason to know that his license was suspended or revoked, and that defendant operated the vehicle under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (3). Present—Smith, J.P., Centra, Fahey and Pine, JJ.