■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP MILLER, Appellant. [903 NYS2d 131]—

Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Gazzillo, J.), dated August 27, 2008, which denied, without a hearing, his motion pursuant to CPL 440.20 to set aside a sentence of the Supreme Court, Suffolk County (Copertino, J.), imposed August 7, 2000, upon his conviction of robbery in the first degree (two counts) and criminal possession of a weapon in the third degree.

Ordered that the order is affirmed.

To the extent that the defendant claims that the sentence imposed was excessive, the defendant is procedurally barred from raising this claim, as it was previously raised and determined on the defendant's direct appeal from the judgment of conviction (*see People v Miller*, 1 AD3d 613, 614 [2003]), and, since the time of that determination, there has been no retroactively effective change in the law controlling the issue (*see* CPL 440.20 [2]).

The defendant contends that his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and that it violated his right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution. The defendant's contentions are based on the fact that, while he received an aggregate sentence of 20 years imprisonment, one of his codefendants received a determinate term of seven years imprisonment, and another was acquitted at trial.

A sentence imposed within the statutory limits ordinarily is not cruel and unusual punishment in the constitutional sense, absent exceptional circumstances (*see People v Jones*, 39 NY2d 694, 697 [1976]; *People v Travis*, 67 AD3d 1034, 1035 [2009]; *People v Brathwaite*, 263 AD2d 89, 92 [2000]). Here, the defendant failed to demonstrate the existence of exceptional circumstances that would render his sentence, which was within the statutory limits, cruel and unusual punishment (*see People v Clerge*, 69 AD3d 955, 955 [2010]; *People v Rogers*, 63 AD3d 1631 [2009]; *People v Cruz*, 54 AD3d 962, 963 [2008]; *People v Reese*, 31 AD3d 582, 583 [2006]).

In evaluating claims under the Fourteenth Amendment, the law "requires 'that equal protection and security should be

given to all under like circumstances . . . and that in the administration of criminal justice, no different or higher punishment should be imposed upon one than such as is prescribed to all for like offenses' " (*People v Jones*, 39 NY2d at 697, quoting *Barbier v Connolly*, 113 US 27, 31 [1885]). However, " '[e]qual protection does not require identity of treatment. It only requires that classification rest on real and not feigned differences, that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate, relative to the difference in classification, as to be wholly arbitrary' " (*People v Drayton*, 47 AD2d 952, 953 [1975], *affd* 39 NY2d 580 [1976], quoting *Walters v St. Louis*, 347 US 231, 237 [1954]). Here, the defendant failed to demonstrate that the sentence imposed violated his Fourteenth Amendment right to equal protection of the laws. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.