THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO NUESI, Appellant. [923 NYS2d 683]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered May 22, 2009, convicting him of operating a motor vehicle while under the influence of alcohol, operating a motor vehicle while impaired, and aggravated unlicensed operation of a motor vehicle in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Two police officers observed the defendant sitting in the

driver's seat of a black Mercedes stopped at a green traffic light at an intersection in Brooklyn. The defendant apparently was oblivious to the honking horns of the cars that were stopped behind him and to the officers' attempts to communicate with him including, inter alia, their request to pull over.

When the defendant exited his vehicle after driving one block and parking, the officers observed him staggering down the street and stopped him. The officers smelled a strong odor of alcohol on the defendant's breath and observed that his eyes were watery and bloodshot, and that he was unsteady on his feet.

At the intoxicated driving testing unit, Police Officer Victor Mercado administered a breathalyzer test with an Intoxilyzer 5000 which printed out a card stating that the defendant's breath was "insufficient" and that his blood alcohol content was 0.177, more than twice the legal limit. After a jury trial, the defendant was convicted, inter alia, of operating a motor vehicle under the influence of alcohol, and this appeal ensued.

The defendant failed to preserve for appellate review his contention that the results of the Intoxilyzer test should have been suppressed because Officer Mercado lacked the basic knowledge to explain how the Intoxilyzer functioned when reading an insufficient sample (*see* CPL 470.05 [2]; *People v Velez*, 64 AD3d 621, 622 [2009]; *People v Sprosta*, 49 AD3d 784, 785 [2008]; *People v Dardain*, 226 AD2d 551 [1996]). In any event, supporting documents reflected, inter alia, that field tests were performed on the Intoxilyzer before and after Officer Mercado used it on December 16, 2007, which ensured that the device was in good working order and that Officer Mercado followed a 13-step operational checklist when he administered the test to the defendant. Officer Mercado also established that the Intoxilyzer produces a result where a breath sample is "insufficient," or less than the optimal amount, which typically favors the subject and, in this case, was more than twice the permissible amount. Accordingly, contrary to the defendant's contentions, the results of the test were supported by a proper foundation (*see People v DeMarasse*, 85 NY2d 842, 845 [1995]; *People v Travis*, 67 AD3d 1034, 1035 [2009]; *People v Dailey*, 260 AD2d 81, 84 [1999]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, do not require reversal. Mastro, J.P., Leventhal, Austin and Cohen, JJ., concur.