■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MACKENZIE, Appellant. [17 NYS3d 880]—Appeal by the defendant, by permission, from an order of the County Court, Nassau County (Sullivan, J.), dated March 21, 2014, which denied, without a hearing, his motion pursuant to CPL 440.20 (1) to set aside a sentence of the Supreme Court, Nassau County (Goodman, J.), imposed March 16, 1994, upon his convictions of kidnapping in the second degree, robbery in third degree (two counts), and unauthorized use of a motor vehicle in the first degree, upon a jury verdict.

Ordered that the order is affirmed.

By judgment of the Supreme Court, Nassau County, dated March 16, 1994, the defendant was sentenced, as a persistent felony offender, to four concurrent indeterminate terms of imprisonment of 25 years to life, upon his conviction of kidnapping in the second degree, robbery in the third degree (two counts), and unauthorized use of a motor vehicle in the first degree, upon a jury verdict. The judgment was affirmed by decision and order of this Court dated September 29, 1997 (*see People v MacKenzie*, 242 AD2d 739 [1997]). The defendant appeals, by permission, from an order of the County Court which, without a hearing, denied his motion pursuant to CPL 440.20

(1) to set aside the sentence imposed on the ground that the sentencing court failed to employ the procedures mandated by CPL 400.20.

CPL 440.20 (2) provides that a motion to set aside a sentence upon the ground that it was unauthorized, illegally imposed, or otherwise invalid as a matter of law must be denied when "the ground or issue raised thereupon was previously determined on the merits upon an appeal from the judgment or sentence, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue."

Here, the issues raised in the defendant's motion were previously determined on the merits upon an appeal from the judgment (*see People v MacKenzie*, 242 AD2d 739 [1997]), and there has been no retroactively effective change in the law. Accordingly, the defendant's motion was properly denied (*see* CPL 400.20 [2]; *People v Miller*, 74 AD3d 1097 [2010]). Mastro, J.P., Leventhal, Duffy and Barros, JJ., concur.