The People of the State of New York, Respondent,
against
Andy Morren, Appellant.



Appeal from judgments of the Criminal Court of the City of New York, Queens County (Gene R. Lopez, J.), rendered November 19, 2012. The judgments convicted defendant, upon jury verdicts, of aggravated driving while intoxicated, driving while intoxicated (common law), unlicensed operation of a motor vehicle, and failing to signal when changing lanes, respectively.




ORDERED that so much of the appeal as is from the judgments convicting defendant of unlicensed operation of a motor vehicle and failing to signal when changing lanes is dismissed as abandoned; and it is further,
ORDERED that the judgments convicting defendant of aggravated driving while intoxicated and driving while intoxicated (common law) are affirmed.
Defendant was charged in separate accusatory instruments with aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]), and failing to signal when changing lanes (Vehicle and Traffic Law § 1163 [b]). At a jury trial, a highway patrol officer testified that he stopped defendant for repeatedly changing lanes without signaling. The officer observed that defendant had bloodshot, watery eyes and detected the odor of an alcoholic beverage on defendant's breath. Defendant was unable to produce a driver's license or registration, and exhibited unsteadiness as he exited his vehicle. Defendant's speech was "low" and "slurred"; defendant admitted that he had consumed beer; and defendant "swayed" as he walked to the rear of his car. The officer arrested defendant and transported him to the police precinct, where defendant consented to a breath test of his blood alcohol content (BAC). Defendant was unable to produce a breath sample sufficient for optimal analysis, but after several "blows" into an Intoxilyzer 5000EN device, the instrument recorded a BAC of .205 of one per centum by weight. Defendant thereafter failed three physical coordination tests. Following the trial, defendant was convicted of the charges.
In his brief on appeal, defendant limits his claims of error to the convictions of aggravated driving while intoxicated and driving while intoxicated (common law). Consequently, so much of the appeal as is from the judgments convicting defendant of unlicensed operation of a motor vehicle and failing to signal when changing lanes is dismissed as abandoned.
Since defendant interposed only a general motion to dismiss on the ground that the People had "failed to make their case," his claims that the evidence was legally insufficient to [*2]support the convictions of aggravated driving while intoxicated and driving while intoxicated (common law) are not preserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 493 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). Such a motion fails to identify an evidentiary deficiency with the requisite specificity (see e.g. People v Gonzalez, 50 Misc 3d 131[A], 2015 NY Slip Op 51938[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Brown, 44 Misc 3d 129[A], 2014 NY Slip Op 50984[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]), and we decline defendant's request that we consider the legal insufficiency claims in the interest of justice.
Upon the exercise of our factual review authority (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we find that the convictions of aggravated driving while intoxicated and driving while intoxicated (common law) were not against the weight of the evidence. "[I]t [is] necessary for the proponent of breath-alcohol test evidence to establish an adequate evidentiary foundation for the admission into evidence of the results of the test" (People v Boscic, 15 NY3d 494, 497 [2010]) by proof that the testing instrument was in "proper working order" at the time of the test (id. at 498, see also People v Freeland, 68 NY2d 699, 700 [1986]) and that the test was "properly administered" (People v Campbell, 73 NY2d 481, 484 [1989]; see e.g. People v Murphy, 101 AD3d 1177, 1178 [2012]). The People produced, by expert testimony and the testimony of the police officer who had prepared the instrument for testing and administered the test, the relevant instrument calibration and maintenance logs, as well as the reports of field inspections and a maintenance check performed eight days prior to the test of defendant's breath. This proof sufficed to establish that the instrument was functioning properly in a sufficient temporal proximity to the test to allow the factfinder "reasonably [to] conclude" (People v Alvarez, 70 NY2d 375, 380 [1987]) that the instrument had been "timely calibrated" (Boscic, 15 NY3d at 498) and that it was in proper working order at the time of the test (see also People v Todd, 38 NY2d 755, 756 [1975]). Although the instrument used to test defendant's BAC was removed from service six days after the test owing to a single, minor deviation in one of several tests of the simulator solution, standing alone, this fact does not so seriously undermine the reliability of the test as to require that it be discounted. There is no particular rule associating a calibration date with reliability (Boscic, 15 NY3d at 498), the primary focus being the strength of the People's proof "that the machine was in proper working order at the time it issued the test results in question" (id.), which here included proof of the instrument's self-calibration functionality and the results of the multi-step check protocol that had preceded the test.
Defendant's claim that the deficient breath sample rendered the test results unreliable is likewise without merit. The uncontradicted testimony of the testing officer was that a test of a breath sample not entirely composed of "deep lung air" remains valid, but not optimal, because it represents a test result that favors the subject (see People v DeMarasse, 85 NY2d 842, 845 [1995]; People v Nuesi, 84 AD3d 1272, 1273 [2011]). The officer who had administered the test testified that defendant had produced several expulsions of air and that, in such a case, the instrument will report the highest measurement obtained. While defendant suggests that it was error, under the circumstances, to limit the testing to one breath sample, there is no requirement that more than one test be given (see People v Lont, 34 Misc 3d 142[A], 2012 NY Slip Op 50088[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012] ["New York law requires that only one breath sample be taken (see e.g. 10 NYCRR § 59.5)"]). Here, several pulses were analyzed and only the highest reading was reported as the single test result. 
The evidence further indicated that the test was properly administered. Defendant's claim that the test result was unreliable because the testimony failed to establish a proper pre-test observation period is without merit. While the testimony is not conclusive as to whether a 20-minute uninterrupted observation period occurred, "[a] constant vigil is not required" (People v McDonough, 132 AD2d 997, 998 [1987]; see e.g. Brown, 44 Misc 3d 129[A], 2014 NY Slip Op 50984[U], *2), and even if the evidence is insufficient to prove that defendant had been adequately observed, that fact "goes only to the weight to be afforded the test results, and not to [*3]their admissibility" (People v Jones, 50 AD3d 1058, 1059 [2008]; People v Rivera, 49 Misc 3d 130[A], 2015 NY Slip Op 51416[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). In view of the foregoing, it is our view that the People established a sufficient foundation for the admissibility of the BAC test result of .205 (see DeMarasse, 85 NY2d at 845). The jury could, therefore, properly rely upon that reading, which showed a blood alcohol content over the level set forth in Vehicle and Traffic Law § 1192 (2-a).
The conviction of driving while intoxicated (common law) is also not against the weight of the evidence. The arresting officer testified that, upon encountering defendant, he had immediately detected the odor of an alcoholic beverage on defendant's breath; that defendant, also exhibiting bloodshot and watery eyes, was unsteady as he exited his vehicle; and that defendant swayed as he walked to the rear of his vehicle. While slurring his speech and speaking in "very low" tones, defendant admitted that he had consumed an alcoholic beverage, and the officer, based on his training and experience with the behavior and appearance of persons who had consumed alcohol, determined that defendant had been drinking and driving. At the police station, defendant failed three physical coordination tests. Moreover, the jury was entitled to consider the BAC test result as "some evidence of intoxication" (Johnson v Plotkin, 172 AD2d 88, 91 [1991]; People v Grennon, 36 Misc 3d 33, 36 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; see also Vehicle and Traffic Law § 1195 [1]). Thus, the jury could properly have concluded that defendant was "incapable of employing the physical and mental abilities which he [was] expected to possess in order to operate [his] vehicle as a reasonable and prudent driver" (People v Cruz, 48 NY2d 419, 428 [1979]; see e.g. People v Shank, 26 AD3d 812, 814 [2006]; People v Hasenflue, 252 AD2d 829, 830-831 [1998]; People v Kane, 240 AD2d 516, 517 [1997]; People v Bowers, 201 AD2d 830, 830 [1994]; People v Cole, 178 AD2d 1016, 1016 [1991]; People v Rivera, 49 Misc 3d 130[A], 2015 NY Slip Op 51416[U], *1).
Accordingly, the judgments convicting defendant of aggravated driving while
intoxicated and driving while intoxicated (common law) are affirmed.
Weston, J.P., Solomon and Elliot, JJ., concur.
Decision Date: June 23, 2016