The People of the State of New York, Respondent,
against
Lawrence Hagner, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Stephen Antignani, J.), rendered March 28, 2017, after a jury trial, convicting him of driving while intoxicated per se and driving while intoxicated, and imposing sentence.




Per Curiam.
Judgment of conviction (Stephen Antignani, J.), rendered March 28, 2017, affirmed.
The verdict convicting defendant of driving while intoxicated per se and driving while intoxicated (see Vehicle and Traffic Law § 1192[2],[3]), was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). On the contrary, we conclude that there was overwhelming evidence of defendant's guilt, including police testimony of defendant's erratic driving, slurred speech, flushed face, odor of alcohol and unsteadiness on his feet, which caused him to nearly stumble into traffic; defendant's videotaped statement that he had been drinking at a bar from 10:00 a.m. until about 11:00 p.m. (defendant was arrested at 11:29 p.m.); and the results of the Intoxilyzer 5000 breath testing device, which measured defendant's blood alcohol content at .180, more than twice the legal limit (see People v Cruz, 48 NY2d 419, 426-427 [1979], appeal dismissed 446 US 901 [1980]).
We reject defendant's claim that the Intoxilyzer reading of ".180 insufficient" was unreliable. The police officer's testimony established that an "insufficient" instrument reading based on breath sample remains a valid measure of a subject's blood alcohol content, since such a reading understates the true blood alcohol content (see People v DeMarasse, 85 NY2d 842, 845 [1995]), which "typically favors the subject and, in this case, was more than twice the permissible amount" (People v Nuesi, 84 AD3d 1272, 1273 [2011]; see also People v Dauphin, 112 AD3d 471, 472 [2013]). 
Defendant's argument that the jury, by acquitting him of aggravated driving while intoxicated (see Vehicle and Traffic Law § 1192[2-a]), necessarily rejected the Intoxilyzer test results "calls for an impermissible invasion of the jury's deliberative processes" (People v Williams, 239 AD2d 271, 272 [1997], lv denied 90 NY2d 899 [1997], quoting People v Rivera, 201 AD2d 377 [1994], lv denied 83 NY2d 875 [1994]; People v Quirisumbay, 50 Misc 3d 139[A], 2016 NY Slip Op 50168[U] [App Term, 1st Dept 2016], lv denied 27 NY3d 1074 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 30, 2019