People v Miyoung Kim (2020 NY Slip Op 50699(U))

[*1]

People v Miyoung Kim

2020 NY Slip Op 50699(U) [67 Misc 3d 140(A)]

Decided on June 18, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 18, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Shulman, P.J., Cooper, Torres, JJ.

570330/17

The People of the State of New York,
Respondent, 
against
Miyoung Kim, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Steven M. Statsinger, J.), rendered on May 10, 2017, convicting her, after a jury
trial, of driving while intoxicated per se, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered on May 10, 2017, affirmed.
The verdict convicting defendant of driving while intoxicated per se (see Vehicle and
Traffic Law 1192[2]) was not against the weight of the evidence. There is no basis for disturbing
the jury's determinations concerning credibility (see People v Danielson, 9 NY3d
348—349 [2007]). In addition to the police testimony regarding defendant's visibly
intoxicated condition and her admission that she had been drinking, the .152 percent blood
alcohol content measured by the Intoxilyzer 5000 breath test - nearly twice the legal limit - was
prima facie evidence of defendant's violation of Vehicle and Traffic Law § 1192[2] (see
People v DeMarasse, 85 NY2d 842, 845 [1995]; People v Mertz, 68 NY2d 136, 139
[1986]).
The trial court properly permitted the trained police officer who operated the Intoxilyzer
device to testify that an "insufficient" instrument reading based on breath sample remains a valid
measure of a subject's blood alcohol content, since such a reading typically understates the true
blood alcohol content (see People v DeMarasse, 85 NY2d at 845 [1995]; People v Nuesi, 84 AD3d 1272,
1273 [2011], lv denied 17 NY3d 954 [2011]). Contrary to defendant's contention, "[t]his
testimony amounted to reporting the results of the test, which, once a proper foundation had been
laid, was permissible without expert testimony" (People v Dauphin, 112 AD3d 471, 472 [2013]; People v Jones, 45 Misc 3d
126[A], 2014 NY Slip Op 51436[U] [App Term, 1st Dept 2014], lv denied 24 NY3d
1121 [2015]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 18, 2020