People v Morgan (2020 NY Slip Op 04587)





People v Morgan


2020 NY Slip Op 04587


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-06783
 (Ind. No. 13/16)

[*1]The People of the State of New York, respondent,
v
Brian R. Morgan, appellant.


Arza R. Feldman, Uniondale, NY, for appellant, and appellant pro se.
Robert V. Tendy, Carmel, NY (David M. Bishop of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (James T. Rooney, J.), rendered May 31, 2017, convicting him of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the sentence imposed upon his conviction of driving while intoxicated constituted "cruel and unusual" punishment is unpreserved for appellate review (see People v Pena, 28 NY3d 727, 730; People v Hassan, 172 AD3d 744, 745) and, in any event, without merit (see People v Miller, 74 AD3d 1097). Furthermore, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that he was penalized at sentencing for going to trial rather than accepting a plea offer is without merit. The record demonstrates that the sentencing court relied upon the appropriate factors in sentencing the defendant (see People v Pena, 50 NY2d 400, 411-412; People v Gillian, 28 AD3d 577, 578).
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is without merit. The defendant failed to demonstrate "the absence of strategic or other legitimate explanations" for counsel's actions (People v Rivera, 71 NY2d 705, 709; see People v Caban, 5 NY3d 143, 152; People v Torres, 177 AD3d 579, 580), and the record amply supports the conclusion that the defendant received meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court