People v Keller (2022 NY Slip Op 00036)





People v Keller


2022 NY Slip Op 00036


Decided on January 5, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
CHERYL E. CHAMBERS
WILLIAM G. FORD, JJ.


2018-01275
 (Ind. No. 16-01471)

[*1]The People of the State of New York, respondent,
v
Maryann Keller, appellant.


Anthony M. Giordano, Ossining, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William A. Milaccio and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered December 14, 2017, convicting her of aggravated criminal contempt, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention concerning the voluntariness of her plea is unpreserved for appellate review, as she did not move to withdraw her plea or otherwise raise these issues before the Supreme Court (see People v Loftus, 183 AD3d 631, 632; People v Leasure, 177 AD3d 770, 772; People v Thomas, 139 AD3d 986). In any event, there was nothing in the plea allocution that triggered the court's duty to inquire into a potential affirmative defense to the charges based upon mental disease or defect (see Penal Law § 40.15; People v Leasure, 177 AD3d at 772; People v Colemanorange, 151 AD3d 738, 739). On the contrary, during the allocution, the defendant engaged with the court, indicated that she understood the benefits of the offered plea, and inquired when she had questions about the process (see People v Leasure, 177 AD3d at 772; People v Thomas, 139 AD3d at 986-987). Likewise, nothing in the allocution called the defendant's guilt into question (see People v Mox, 20 NY3d 936, 938; People v Jimenez, 110 AD3d 740, 741; People v Grason, 107 AD3d 1015, 1016).
The defendant's contention that the sentence imposed violated the Eighth Amendment to the United States Constitution and article 1, section 5 of the New York Constitution prohibiting cruel and unusual punishment is unpreserved for appellate review (see People v Pena, 28 NY3d 727, 730; People v Hassan, 172 AD3d 744, 745) and, in any event, without merit (see People v Morgan, 186 AD3d 747, 747; People v Miller, 74 AD3d 1097). Furthermore, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., DUFFY, BARROS, CHAMBERS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court